Robert Norman BOUSQUET,
Appellant,

v.

The STATE of Texas, Appellee.

No. 01–99–01259–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 3, 2001.

Henry L. Burkholder, III, Houston, for Appellant.

Dan McCrory, Houston, for State.

Panel consists of MIRABAL, NUCHIA, and PRICE,* JJ.

## OPINION

NUCHIA, Justice.

Appellant, Robert Norman Bousquet, was convicted by a jury of indecency with a child. The jury, after a finding of true to one enhancement paragraph, assessed punishment at 42 years confinement and a $5000 fine. In this appeal, appellant raises the following points of error: (1) the admission of the child complainant's video-taped statement violated appellant's federal constitutional right to confront and cross-examine the complainant; (2) the trial judge erred when she determined that complainant was unavailable for the purpose of admitting hearsay statements under article 38.071 of the Code of Criminal

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

Procedure; and (3)-(4) the evidence was legally and factually insufficient to sustain his conviction. We reverse and remand the cause for a new trial.

## BACKGROUND

In February 1999, a person in the household of complainant called a state agency in Austin and expressed concern that complainant may have been the subject of sexual abuse at the hands of his father, appellant. A Harris County Children's Protective Services (CPS) agent was contacted and given this information. The agent in turn contacted Officer Tim Brinson of the Pasadena Police Department. Officer Brinson specializes in the investigation of cases involving the sexual abuse of children. After being told of the allegation, Officer Brinson picked up complainant, then 12 years old, from school and took him to the Harris County Children's Assessment Center. While there, complainant was interviewed on videotape by Fiona Stephenson, the assessment coordinator. No one else besides complainant and Stephenson was present during the interview. In response to questions posed by Stephenson, complainant stated that, when he was 9 or 10 years old, appellant on one occasion touched complainant's "private" parts while the two were lying down on a couch in the living room. Complainant stated that appellant was drunk at the time of the offense. Based on complainant's statements, appellant was questioned regarding this incident and eventually arrested and charged with the offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11 (Vernon Supp.2001). After appellant's arrest, the complainant

was placed in the custody of his uncle living in Colorado.[1]

Before trial, the State notified appellant that it intended to offer into evidence, under section 38.071 of the Code of Criminal Procedure, the videotaped interview of complainant by Stephenson. TEX.CODE CRIM. PROC. ANN. art. 38.071 § 5 (Vernon Supp.2001). Appellant objected to the evidence on several grounds, and the trial court held a pre-trial evidentiary hearing on the matter. The court determined that the State had satisfied the requirements of article 38.071 and denied appellant's objections.

## DISCUSSION

### Constitutionality of Article 38.071

■ Appellant's first point of error contends the trial judge's admission of complainant's videotaped testimony violated appellant's Sixth Amendment right to confrontation and cross-examination of the witness.[2]

Article 38.071 of the Code of Criminal Procedure provides for alternative forms of testimony for child victims of sexual abuse. Specifically, that article provides:

The recording of an oral statement of the child made before the indictment is returned or the complaint has been filed is admissible into evidence if the court makes a determination that the factual issues of identity or actual occurrence were fully and fairly inquired into in a detached manner by a neutral individual experienced in child abuse cases that seeks to find the truth of the matter.

---

1. Complainant's mother, who was terminally ill at the time the incident was first reported, died sometime between the investigation of abuse and the time of trial.

2. The Sixth Amendment to the U.S. Constitution states, in part: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witness against him." U.S. CONST. amend. VI.

*Id.* § 2(a). Appellant, relying on *Long v. State,* 742 S.W.2d 302 (Tex.Crim.App. 1987), argues that this section is unconstitutional in that it permits the introduction of an accuser's statements without the accused being permitted to cross-examine the witness at the time the statements were made. *Id.* at 317–19.

Before we address appellant's contention, it is important to note what appellant is not objecting to. Appellant is not asserting that a proper predicate had not been established under article 38.071. *See id.* § 5(a) (requiring 12 conditions to be met before the videotape testimony will be admitted).

In *Long,* the Court of Criminal Appeals held, *inter alia,* that "Absent the possibility of crossexamination at the time the videotape is made," former article 38.071 was "overbroad in that, rather than allowing for a case by case determination whether any trauma to a child victim in having to testify in court would effectively render him 'unavailable,' it 'assumes that confrontation in a particular class of cases will produce unnecessary trauma.'" *Briggs v. State,* 789 S.W.2d 918, 921 (Tex. Crim.App.1990) (quoting *Long,* 742 S.W.2d

at 317). In 1990, the Court of Criminal Appeals, in addressing the revised version of article 38.071, reversed *Long,* stating, "We now believe none of these perceived defects is such as to render the statute unconstitutional on its face." [3] *Id.* Given that appellant is making a facial challenge to the statute, we overrule his first point of error.

### Unavailability of Complainant

In his second point of error, appellant contends the trial judge erred when she admitted complainant's videotaped statement after the State failed to show that, under article 38.071, the witness was unavailable to testify.[4] *See* TEX.CODE CRIM. PROC. ANN. art. 38.071 § 1 (Vernon Supp. 2001).

To aid the trial judge in making her determination of unavailability, section 8 of article 38.071 sets out a non-exclusive set of factors for the trial court to consider.[5] Here, the trial judge conducted a pre-trial hearing to make her determination, and, after hearing testimony, the judge ruled that complainant was unavailable.

 We review a trial court's ruling on a motion to suppress evidence for abuse of discretion. *Villarreal v. State,* 935

---

**3.** The court further stated: "Application of Article 38.071 ... may well deprive an accused of his confrontation right if a videotape is admitted though 'full and effective crossexamination' of the child witness should prove unattainable at trial. In short, ... Article 38.071 may be unconstitutional as applied in certain cases. However, we now hold it violates neither confrontation clause on its face." *Briggs v. State,* 789 S.W.2d 918, 922 (Tex. Crim.App.1990).

**4.** Unlike the argument put forth in his first point of error, here appellant is not attacking the constitutionality of this statutory exception to the hearsay rule; rather, he contends the trial judge abused her discretion when she found the complainant to be unavailable under the statute.

**5.** Section 8 states, in part:

(a) In making a determination of unavailability under this article, the court shall consider relevant factors including the relationship of the defendant to the child, the character and duration of the alleged offense, the age, maturity, and emotional stability of the child, and the time elapsed since the alleged offense, and whether the child is more likely than not to be unavailable to testify because:

(1) of emotional or physical causes, including the confrontation with the defendant or the ordinary involvement as complainant in the courtroom; or

(2) the child would suffer undue psychological or physical harm through his involvement at trial.

TEX.CODE CRIM. PROC. ANN. art. 38.071 § 8(a) (Vernon Supp.2001).

S.W.2d 134, 138 (Tex.Crim.App.1996); *Taylor v. State,* 945 S.W.2d 295, 297 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd). The Court will afford almost total deference to a trial court's determination of historical facts that the record supports, especially when the findings are based on the evaluation of credibility and demeanor. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim.App.1997). The fact finder is the sole judge of the witnesses' credibility and may accept or reject any or all of the witnesses' testimony. *Taylor,* 945 S.W.2d at 297. In reviewing a ruling on a question of application of law to facts, we review the evidence in the light most favorable to the trial court's ruling. *Guzman,* 955 S.W.2d at 89.

At the hearing, complainant's uncle, Donald Bousquet, testified that complainant had been living with him for four months, that his behavior had improved dramatically in that time, that returning to Texas to testify would be "highly detrimental" to his emotional progress, and that complainant does not wish to return to Houston because he fears appellant.[6] Regarding complainant's emotional state, the uncle, in response to the prosecutor's questions, testified:

Q: Mr. Bousquet, can you tell me while [complainant] has been in your custody has he been dealing with the losses of his family?

. . . .

A: He's dealing—he's dealing very well with it. He misses his mom. However, he does deal with—he has a home environment. That helps him compensate for any loss.

Q: How has he felt about coming back to Houston for this trial?

A: I fought and fought for two days because this boy has expressed to me that he does not wish to be here.

Q: Can you describe for the Judge, please, how he feels about his father at the present time?

A: He doesn't want to see his dad. He fears his dad. He fears the State of Texas. . . .

. . . .

Q: Knowing [complainant] the way you do, having been living with him for the period of time that you have, do you have an opinion as to what coming into the courtroom and having to confront his dad, the perpetrator of this offense, would do to [complainant]?

. . . .

A: As someone who cares only for the welfare of [complainant] right now, the appearance of [complainant] in a courtroom face to face with his father would be highly detrimental for that boy. . . .

John Bickel, a CPS caseworker involved in complainant's case, also testified that complainant is frightened of appellant.

After hearing testimony, the trial court made the following statement supporting its conclusion that complainant was unavailable to testify:

The Court finds that the child, [complainant], based on the testimony of Donald Bousquet finds that there—the Court considers the following factors in determining the availability—the unavailability of the child, [complainant], the relationship between [complainant] and the defendant, that being father and son. The Court also in making the determination of unavailability considered the emotional stability of the child in view-

---

6. On cross-examination, the uncle stated that complainant was in Houston, in the assistant district attorney's office, during the hearing.

ing the testimony of Donald Bousquet indicating the child's being fearful of his father does not want to see his father nor does he want to be in the State of Texas. The Court finds the child, [complainant], is unavailable.

■ In *Gonzales v. State*, 818 S.W.2d 756 (Tex.Crim.App.1991), the Court of Criminal Appeals stated that the State has a sufficiently important interest in protecting child victims from the traumatic effects of testifying to justify the use of closed-circuit television testimony under certain circumstances. *See id.* at 764–65 (citing *Maryland v. Craig*, 497 U.S. 836, 855–56, 110 S.Ct. 3157, 3168–69, 111 L.Ed.2d 666 (1990)). To justify that procedure, however, the trial court must determine that the procedure is necessary by hearing evidence and finding: (1) the procedure is necessary to protect the welfare of the particular child witness who seeks to testify; (2) the child witness would be traumatized, not by the courtroom generally, but by the presence of the defendant; and (3) the emotional distress suffered by the child witness in the presence of the defendant is not *de minimis*. *Id.* at 762. This finding of necessity equally satisfies the test to determine unavailability. *See id.* at 764–65; *see also* TEX.CODE CRIM. PROC. ANN. art. 38.071 § 8(a) (Vernon Supp.2001).

Applying the above factors to this case, we first note that the uncle's uncontroverted testimony indicated that, since complainant's arrival in Colorado, his overall behavior and school performance had improved. He further stated that complainant was adamant about his desire not to testify and not return to Texas, in part because of his desire to not confront appellant. John Bickel, the CPS caseworker, stated that complainant had expressed his fears of appellant to him as well.[7]

■ This evidence, however, did not provide a sufficient basis for the trial court to conclude complainant was unavailable. Factors influencing our conclusion that the trial court abused its discretion include the child's age at the time of trial, 12 years old, the fact that the alleged sexual assault consisted of a single touching occurring over three years before the trial, and the absence of testimony from a child-care expert regarding complainant's psychological state of mind at or near the time of the trial. *See, e.g., Smith v. State*, No. 12–99–00066–CR, slip. op. at 3–4, —— S.W.2d ——, ——, 2000 WL 1470147 (Tex.App.— Tyler Sept. 28, 2000, pet. filed) (designated for publication) (making a finding of unavailability of 7 year old victim after hearing the testimony of victim and psychologist); *Dufrene v. State*, 853 S.W.2d 86, 91 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd) (noting that the finding of unavailability was supported by the testimony of a medical expert). Furthermore, despite the uncle's and Bickel's contentions that complainant was extremely reluctant to come to Texas and would suffer great harm by doing so, it was discovered during the proceedings that he was at the assistant district attorney's office here in Houston. We note that complainant's presence provided the judge with an opportunity to directly question him about his reluctance to testify and gauge his unwillingness. That did not occur.

■ Given our conclusion that the trial court abused its discretion in making a finding of unavailability, we must now determine the degree of harm to appellant

---

**7.** At the hearing, the trial judge sustained all objections to Bickel testifying as an expert regarding potential psychological harm to complainant if he testified at the hearing. Also, Bickel's counseling sessions with complainant ended nearly four months prior to the time of the hearing.

arising from that decision. Depriving appellant of his right to confront the complainant, in violation of the Confrontation Clause, is constitutional error. *See* Tex. R.App. P. 44.2(a); *Shelby v. State*, 819 S.W.2d 544, 547 (Tex.Crim.App.1991) (Confrontation Clause claims subject to harm analysis). When applying the "constitutional error" standard under rule 44.2(a), "the court of appeals must reverse a judgment of conviction or punishment unless the court determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex.R.App. P. 44.2(a).

After reviewing the record, we cannot hold that, beyond a reasonable doubt, the admission of complainant's videotape testimony did not contribute to appellant's conviction. We therefore sustain appellant's second point of error.

***Legal Sufficiency***

In his third point of error, appellant contends the evidence was legally insufficient to sustain his conviction.[8] In particular, he argues that evidence consisting solely of complainant's statement is insufficient by itself to sustain his conviction and that the evidence was not credible.

The standard for reviewing the legal sufficiency of the evidence is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

In this case, the State needed to prove that appellant engaged in "sexual contact with" complainant, who was "a child younger than 17 years and not his spouse." Tex. Penal Code Ann. § 21.11(Vernon Supp.2001).

Appellant argues that complainant's videotaped testimony is not credible, and, because no other proof of the alleged offense was offered, the evidence against him is legally insufficient. In dismissing appellant's argument, we note that, as long as the evidence provides the requisite proof needed to satisfy the elements of the offense charged, the evidence is legally sufficient. Appellant's third point of error is overruled.

Because we sustain appellant's second point of error, we need not address his factual sufficiency challenge asserted in his fourth point of error.

We reverse the judgment and remand the cause for a new trial.

---

8. Although we sustain appellant's second point of error and reverse the judgment and remand the cause, an "appellate court must always address challenges to the [legal] sufficiency of the evidence ." *McFarland v. State*, 930 S.W.2d 99, 100 (Tex.Crim.App.1996).