In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00500-CR
NO. 01-02-00501-CR
____________

FRANK ESPINOSA, SR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court 
Harris County, Texas
Trial Court Cause Nos. 857655 & 878689 




O P I N I O N
          A jury convicted appellant, Frank Espinosa, Sr., of (1) indecency with a child
and (2) aggravated sexual assault of a child and assessed punishment respectively at
11 years’ and 40 years’ confinement in prison. In his first point of error, appellant
contends that the trial court erred by allowing child victim testimony to be conducted
via closed-circuit television in accordance with article 38.071 of the Code of Criminal
Procedure. See Tex. Code Crim. Proc. Ann. art. 38.071 § 1 (Vernon Supp. 2002). 
In his remaining two points of error, appellant contends that the evidence at trial was
both legally and factually insufficient to sustain his convictions. We affirm. 
Background
          Appellant and his stepdaughter, C.V., lived in the same household for
approximately nine years. At trial, 12-year-old C.V. testified via closed-circuit
television that appellant began sexually assaulting her when she was eight years old. 
C.V. testified that appellant sexually assaulted her on numerous occasions while her
mother was away at work. C.V. described these assaults in detail. In addition,
appellant’s son and daughter testified that appellant molested C.V. on several
occasions. Furthermore, C.V.’s brother testified that he witnessed appellant lying on
top of C.V. and that it appeared as though they were “messing around but not really
though.” After C.V.’s mother learned of the assaults, she and C.V. moved out of the
household. A subsequent sexual assault exam performed on C.V. revealed vaginal
penetration and trauma.Testimony via Closed-Circuit Television
          At trial, C.V. testified from the judge’s chambers via closed-circuit television. 
In the chambers with C.V. were the judge, counsel for appellant, counsel for the State,
the court reporter, and operators of the television equipment. Appellant and the jury
remained in the principal courtroom and watched the testimony on a television
monitor. In his first point of error, appellant contends the use of this procedure
violated article 38.071 of the Code of Criminal Procedure because the State failed to
show that C.V. was unavailable to testify. See Tex. Code Crim. Proc. Ann. art.
38.071 § 1. 
          Section 1 of article 38.071 allows testimony via closed-circuit television in a
prosecution for aggravated sexual assault if the court determines that a child younger
than 13 years of age would be unavailable to testify in the presence of the defendant. 
Tex. Code Crim. Proc. Ann. art. 38.071 § 1. In order to declare a child witness
unavailable, the trial court must determine that the closed-circuit procedure is
necessary by finding that (1) the procedure is necessary to protect the welfare of the
particular child witness who seeks to testify, (2) the child witness would be
traumatized, not by the courtroom generally, but by the presence of the defendant, and
(3) the emotional distress suffered by the child witness in the presence of the
defendant is not de minimis. See Gonzales v. State, 818 S.W.2d 756, 764-65 (Tex.
Crim. App. 1991); Bousquet v. State, 47 S.W.3d 131, 136 (Tex. App.—Houston [1st
Dist.] 2001, pet. ref’d). This requisite showing of necessity demands a case-by-case
inquiry. See Hightower v. State, 822 S.W.2d 48, 53-54 (Tex. Crim. App. 1991).
          Appellant’s objection to the closed-circuit television procedure was taken up
at a pretrial hearing. We review the trial court’s ruling in a hearing on necessity for
an abuse of discretion. See Hightower, 822 S.W.2d at 53; Bousquet, 47 S.W.3d at
134. At the hearing, C.V.’s mother testified that C.V. had trouble talking about the
abuse, was scared of appellant, and was anxious about the upcoming trial. C.V.’s
mother also testified that C.V. would be unable to testify in front of appellant because
such testimony would cause C.V. trauma and emotional harm. According to C.V.’s
mother, C.V. is “really scared. She doesn’t talk about it (abuse) too much . . . . if you
mention anything about it, she just – she cringes. She has told me that . . . . she’s
been having nightmares.” 
          Hong Tran Klien, a clinical social worker and C.V.’s therapist, also testified
at the pretrial hearing. Klien stated that C.V. had expressed fear of testifying in front
of appellant and C.V. would suffer “great emotional harm” if forced to do so. Klien
also testified that C.V. was emotionally delayed and that, although she was 12 years
old, her emotional age was more equivalent to that of an eight-year-old. According
to Klien, if asked to testify in front of appellant, C.V. would “freeze up . . . . she will
back out . . . . she just could not talk about it (abuse).” 
          Finally, Denise Nichols, an assistant district attorney working in the child
abuse division, testified at the pretrial hearing. Nichols stated that C.V. was very
tentative, afraid, and scared of the prospect of testifying. Nichols also testified that
closed-circuit television was necessary to protect C.V.’s welfare. 
          At the conclusion of the hearing, the trial court found that use of the closed-circuit television procedure was necessary to protect C.V. from significant emotional
trauma and that C.V. would most likely be incapable of testifying in the presence of
appellant. Having recited findings that satisfied the three-prong test announced in
Gonzales, the trial court granted the State’s motion for testimony via closed-circuit
television. See Gonzales, 818 S.W.2d at 764-65. Appellant contends that the trial
court abused its discretion by granting the State’s motion because the State failed to
show that the closed-circuit procedure was necessary, thus precluding a finding that
C.V. was unavailable to testify. 
          Appellant relies on our decision in Bousquet, 47 S.W.3d 131. In Bousquet, the
State introduced a videotaped interview with the complainant that took place at the
Harris County Children’s Assessment Center. See id. at 133. At the interview, the
assessment coordinator videotaped an interview with the complainant in which the
complainant stated that the defendant touched complainant’s private parts on one
occasion. See id. Based on the complainant’s statement, the defendant was charged
with the offense of indecency with a child. See id. In reversing the trial court’s
finding of unavailability, we noted that the alleged offense consisted of a single
touching that occurred three years before trial. See id. at 136. With such a tenuous
allegation, we found that, because the complainant was 12 years of age, and because
there was no testimony from a child-care expert regarding complainant’s
psychological state of mind, the trial court abused its discretion in finding the
complainant unavailable to testify. See id. 
          We find this case distinguishable from Bousquet. In contrast to Bousquet’s
isolated allegation of touching, this case involves repeated sexual assaults involving
vaginal penetration and trauma occurring over a five-year period of time. Also unlike
Bousquet, the trial court in this case heard extensive testimony from the mother and
the therapist regarding C.V.’s fear of testifying in front of appellant and the impact
such testimony would have on C.V.’s emotional state. Thus, we find this case more
akin to Ruiz v. State, in which the Austin Court of Appeals affirmed the use of closed-circuit television under a set of facts very similar to the facts here. See Ruiz v. State,
939 S.W.2d 245, 247 (Tex. App.—Austin 1997, no pet.). 
          We also note that because appellant was afforded the opportunity to cross-examine C.V., the possibility of intrusion on appellant’s Sixth Amendment right to
confrontation was much less than in Bousquet, which involved a videotaped interview
in which neither appellant nor his attorney were present at the interview, and in which
appellant was not permitted to cross-examine the complainant at a later date. See
U.S. Const. amend. VI (Confrontation Clause providing that accused shall enjoy
right to be confronted with witnesses against him). C.V. testified under oath, was
subject to cross-examination, and was observed by the judge, the jury, and appellant. 
See, Hightower, 822 S.W.2d at 53. Under these circumstances, the State showed that
C.V. was unavailable to testify, therefore satisfying article 38.071, and the trial court
did not abuse its discretion by permitting C.V. to testify via closed-circuit television. 
See Tex. Code Crim. Proc. Ann. art. 38.071. 
          We overrule appellant’s first point of error.          
Legal Sufficiency
          In his second point of error, appellant contends that the evidence is legally
insufficient to support his convictions. The critical inquiry on review of the legal
sufficiency of the evidence to support a criminal conviction is whether the record
evidence could reasonably support a finding of guilt beyond a reasonable doubt. See
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Santellan
v. State, 939 S.W.2d 155, 160 (Tex. Crim. App. 1997); Howley v. State, 943 S.W.2d
152, 155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). This inquiry does not
require this Court to ask whether we believe that the evidence at trial established guilt
beyond a reasonable doubt. See id. Instead, the relevant question is whether, after
viewing the evidence in the light most favorable to the prosecution, any rational trier
of fact could have found the essential elements of the crime beyond a reasonable
doubt. See id. This familiar standard gives full play to the responsibility of the trier
of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw
reasonable inferences from basic facts to ultimate facts. Id. 
          In support of his legal sufficiency challenge, appellant contends that (1) C.V.
failed to properly identify appellant at trial, (2) the State failed to present medical
evidence proving sexual assault, and (3) the State failed to present evidence from
witnesses with personal knowledge. Appellant’s contentions, however, are not
founded in the record. At trial, C.V. testified that appellant sexually assaulted her and
that he was in the courtroom during her testimony. Additionally, Dr. Margaret
McNeese, Associate Dean at the University of Texas Medical Center in Houston,
testified that C.V. had suffered vaginal penetration and trauma. Finally, family
members testified that they witnessed appellant in compromising positions with C.V. 
          Appellant also contends that the State failed to present expert testimony
regarding C.V.’s mental state, but cites us to no authority explaining why this
testimony is necessary to sustain a conviction for indecency with a child or for sexual
assault. Because expert testimony regarding a victim’s mental state is not required
to convict a defendant of indecency with a child or sexual assault, this contention
does not support appellant’s legal sufficiency challenge. Applying the Jackson legal-sufficiency test, we hold the jury could have found the essential elements of
indecency with a child and sexual assault beyond a reasonable doubt. 
          We overrule appellant’s second point of error. Factual Sufficiency
          In his third point of error, appellant contends that the evidence is factually
insufficient to support his convictions. When reviewing factual sufficiency, we ask
whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak, or so outweighed by
contrary proof, as to undermine confidence in the jury’s determination. King v. State,
29 S.W.3d 556, 563 (Tex. Crim. App. 2000). Accordingly, we will reverse the
factfinder’s determination only if “a manifest injustice has occurred.” Id. (quoting
from Johnson v. State, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000)). 
          In conducting this analysis, if probative evidence supports the verdict, we may
not substitute our judgment for that of the factfinder even if we disagree with the
jury’s determination because the jury is the sole determiner of the facts. See King, 29
S.W.3d at 563; Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981). To avoid
substituting our judgment for the factfinder’s, we must defer to determinations by the
factfinder that depend on credibility assessments and resolution of conflicts in the
evidence. See Johnson, 23 S.W.3d at 7-9. 
          Appellant complains that “all of the State’s witnesses were either lacking in
personal knowledge, credibility, expertise, or scientific proof that the offenses
occurred,” but relies on witness credibility and controverted testimony for support of
his factual-sufficiency challenge. Because these assessments are properly reserved
to the jury, we must defer to the jury’s determinations on these issues. See Johnson,
23 S.W.3d at 7-9. Additionally, appellant’s factual sufficiency claim repeats the same
contentions made in his legal sufficiency claim. We reject these contentions for the
same reasons previously stated. The facts appellant relies on do not so weaken or
overwhelm the State’s evidence as to render the judgments clearly wrong and
manifestly unjust. 
          We overrule appellant’s third point of error. 
Conclusion
          We affirm the judgments of the trial court.
 
 



     Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.4.