Opinion issued April 13, 2006
















In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00461-CR
____________

DWYATT EDWARD WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1024420
 

 
 
MEMORANDUM OPINION
             A jury found appellant, Dwyatt Edward Williams, guilty of the offense of
sexual assault of a child


 and, after appellant pleaded true to the allegation in one
enhancement paragraph that he had previously been convicted of the offense of
sexual assault of a child, the trial court assessed his punishment at confinement for
life. In two points of error, appellant contends that the evidence was legally and
factually insufficient to support his conviction. We affirm. 
Factual Background
          Houston Police Officer C. Garner testified that, on July 30, 2004, at
approximately 11:30 p.m., while working security at an area movie theater,


 he
noticed a black pickup truck in the southeast corner of the theater’s parking lot. 
Garner explained that the truck was parked “out there all by itself” in an area not
commonly used by the general public. Garner and his partner drove up to the rear of
the truck to investigate and Garner saw appellant sitting on the driver’s side of the
truck. The officers exited their car and Garner walked up along the passenger’s side
of the truck. At that point, Garner noticed a second occupant, the complainant, when
a “head [came] up from the crotch area [of appellant].” Garner looked through the
passenger side window and saw that appellant’s “buckle [was] undone, and his pants
were . . . unzipped and wide open, exposing his undergarments.” Although Garner
did not actually see the complainant contact the sexual organ of appellant with his
mouth, based on his observations, Garner believed that the complainant had been
performing oral sex on appellant. Garner and his partner had both occupants exit the
truck and began questioning them. Garner explained that although the complainant
appeared to be 15 or 16 years old, the complainant, who did not produce
identification, initially told Garner that he was 17 years old. After contacting the
complainant’s mother and father, Garner determined that the complainant was 16
years old. At that point, Garner took the complainant and appellant to the theater’s
security offices. 
          Houston Police Officer D. Griffith testified that, while working security with
Garner at the movie theater that night, they drove up behind appellant’s truck to
investigate and Griffith saw appellant sitting in the driver’s seat of the parked truck. 
Griffith explained that when he exited his car and began to approach the truck, he saw
the complainant’s head “pop up” from the driver’s side of appellant’s truck. When
Griffith looked through the driver’s side window, he saw that appellant’s pants were
“undone” and “laid open.” After talking to appellant, Griffith questioned the
complainant, who initially told Griffith that he was 18 years old, then stated he was
16, and then 17. The officers called the complainant’s parents and determined his age
to be 16. Griffith testified that he did not see appellant’s sexual organ exposed or the
mouth of the complainant contact the sexual organ of appellant. 
          Houston Independent School District Police Officer M. E. Gonzalez testified
that she was dispatched to assist Griffith and Garner at the scene in the parking lot. 
Gonzalez attempted to calm the complainant, who kept saying he did not want to go
to jail. The complainant told Gonzalez that he was 16 years old but would not
confirm or deny what had been happening in the truck. The complainant said that he
had lied to the other officers about his age because he was scared and did not want
to go to jail. The complainant also told Gonzalez that “it’s not [appellant’s] fault . . .
I’m the one looking for him. . . . It’s my fault.”
          The complainant testified that he had met appellant at a gas station three days
before the incident in question. The complainant saw appellant in his truck and
started to walk toward him to ask for change. When the complainant changed his
mind and began to walk away, appellant was “waving his hand, telling [the
complainant] to come here.” After some conversation in which the complainant told
appellant that he was 18 years old, the two exchanged telephone numbers. Two days
later, appellant called the complainant and arranged to pick him up from a grocery
store near the complainant’s home. From there, the two drove to appellant’s home
to watch movies. At appellant’s home, appellant placed his hand on the
complainant’s leg and told the complainant that he would take off his pants if the
complainant would take off his pants. The complainant explained that appellant then
removed his pants and he “gave [appellant] oral sex and [appellant] gave [him] oral
sex.” After the sex acts, the complainant explained that he felt nervous and told
appellant he wanted to go home. As appellant was driving the complainant back to
the grocery store, he stopped off at a gas station and got “more than $50” out of an
ATM which he gave to the complainant.
          The next day, July 30, appellant called the complainant again, picked him up
from the same grocery store, and the two rode to the movie theater parking lot. The
complainant explained, “we pulled in where the regular cars were, but then we saw
people . . . coming up to the cars and leaving so we moved the truck to the back.” 
After they had parked, appellant told the complainant to pull his pants down and he
would pull his own pants down. With appellant seated on the driver’s side of the
truck, the complainant contacted the sexual organ of appellant with his mouth. The
complainant explained that he brought his head up when he noticed the lights of the
officers’ car that had pulled up behind appellant’s truck. The officers approached,
asked the complainant and appellant to exit appellant’s truck, and began to question
them. The complainant explained that he initially lied to the officers about many of
the details regarding the incident, including his age, because he was “scared,”
“nervous,” and trying to protect appellant. The complainant also acknowledged that
he had lied at appellant’s probation revocation hearing and explained that he did so
at the insistence of one of appellant’s friends. The complainant stated that
“[appellant’s] friend . . . had said that [appellant and the complainant] were going to
move and nobody was going to know about [them], so [he] believed him.” 
Standard of Review We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt.
Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). The trier of fact is
the sole judge of the weight and credibility of the evidence. Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999). We must resolve any inconsistencies in the evidence in
favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
          In our review of the factual sufficiency of the evidence, we view all of the
evidence neutrally, not in the light most favorable to the verdict, and we will set aside
the verdict “only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met.” Escamilla, 143 S.W.3d at 817. 
The only question to be answered in a factual sufficiency review is whether,
considering the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004). In performing a factual sufficiency review, we are to give
deference to the fact finder’s determinations, including determinations involving the
credibility and demeanor of witnesses. Id. at 481; Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997). We may not substitute our judgment for the fact finder’s. 
Zuniga, 144 S.W.3d at 482. A proper factual sufficiency review requires an
examination of all the evidence. Id. at 484, 486–87. An opinion addressing factual
sufficiency must include a discussion of the most important and relevant evidence
that supports an appellant’s complaint on appeal. Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).Legal Sufficiency
          In his first point of error, appellant argues that the evidence was legally
insufficient to support his conviction because the complainant’s testimony
incriminating appellant “was not credible.” The appellant asserts that while the
circumstances were strongly suggestive that appellant’s sexual organ was contacted
by the mouth of the complainant, there was no evidence that the offense had in fact
been completed. 
          Appellant concedes the general rule that the credibility of witnesses will not
be reviewed on appeal. See Margraves, 34 S.W.3d at 919. However, appellant
argues that the complainant “demonstrated that he was totally unworthy of belief”
because he lied to appellant about his age, initially told officers that “nothing had
happened,” and repeatedly gave inconsistent testimony regarding the incident. 
Appellant asserts that at some point, the credibility of the complainant is so
undermined that there is no confidence in a verdict supported solely by the
complainant’s testimony.
          A person commits the offense of sexual assault of a child if he intentionally or
knowingly causes the mouth of a child to contact the sexual organ of another person,
including the actor. Tex. Pen. Code Ann. § 22.011(a)(2)(E) (Vernon Supp. 2005). 
Where sexual assaults or aggravated sexual assaults ordinarily require the
complainant’s lack of consent, if the complainant is a child, lack of consent is not
required. See id. Mistake of fact with respect to the complainant’s age is likewise not
a defense. Vasquez v. State, 622 S.W.2d 864, 865 (Tex. Crim. App. 1981).
          Here, the complainant testified that his mouth contacted appellant’s sexual
organ. This testimony, standing alone was legally sufficient evidence for the jury to
convict appellant of sexual assault. See Lopez v. State, 815 S.W.2d 846, 847 (Tex.
App.—Corpus Christi 1991, no pet.); Jordan-Maier v. State, 792 S.W.2d 188, 190
(Tex. App.—Houston [1st Dist.] 1990, pet. ref’d). Moreover, section 38.07 of the
Texas Code of Criminal Procedure, by its express terms, does not require
corroboration of the testimony of a sexual assault complainant under the age of 17. 
Tex. Crim. Proc. Code Ann. § 38.07(a),(b)(1) (Vernon 2003). 
          Evidence is legally sufficient as long as it provides the requisite proof needed
to satisfy the elements of the offense charged. Bousquet v. State, 47 S.W.3d 131, 137
(Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). We conclude that a review of the
evidence in the light most favorable to the verdict reveals that any rational trier of fact
could have concluded, beyond a reasonable doubt, appellant committed the offense
of sexual assault of a child. Accordingly, we hold that the evidence was legally
sufficient to support appellant’s conviction for the offense of sexual assault of a child.
          We overrule appellant’s first point of error.
Factual Sufficiency
          In his second point of error, appellant argues that the evidence was also
factually insufficient to support his conviction because the complainant’s testimony
“was simply not credible.” Appellant again points to the complainant’s inconsistent
statements and testimony regarding the incident in question. Appellant also notes that
neither officer witnessed a completed sexual act or remembered the complainant
being undressed. He further asserts that there is no physical evidence to support the
complainant’s testimony.
          Again, we note that the complainant testified that his mouth contacted the
sexual organ of appellant. In addition to the complainant’s testimony, the two police
officers testified that as they approached appellant’s truck in the movie theater
parking lot, they saw the complainant’s head emerge from the crotch area of
appellant. When they looked through the windows of appellant’s truck, the officers
saw that appellant’s pants were unbuckled and his underwear was exposed. This
testimony was consistent with the complainant’s testimony that he had, moments
prior, contacted the sexual organ of appellant with his mouth. 
          The complainant explained that he had initially lied to appellant about his age
when he met him at the gas station because he did not know what appellant wanted
with him and “didn’t want to act like [he] was a little kid.” The complainant testified
that he lied to the police officers about his age and what had happened in the movie
theater parking lot because he was scared and nervous. He also stated that he had
previously testified untruthfully at appellant’s revocation hearing because he had
been told by appellant’s friend that appellant would take him away and take care of
him if he did not testify against appellant.
          As noted, the jury is the sole judge of the weight of the evidence and may
choose to believe all, some, or none of it. Jones v. State, 944 S.W.2d 642, 647 (Tex.
Crim. App. 1996). The jury’s role as fact finder is to resolve any discrepancies or
inconsistencies in the evidence, to determine the credibility and weight to be given
the evidence, and to draw reasonable inferences from the evidence. See id. 
          Viewing the relevant evidence in a neutral light, favoring neither the State nor
appellant, and with appropriate deference to the jury’s credibility determinations, we
conclude that the evidence supporting the verdict is not too weak to support the jury’s
finding of guilt beyond a reasonable doubt and the weight of the evidence contrary
to the verdict is not so strong that the State could not have met its burden of proof. 
See Zuniga, 144 S.W.3d at 484–85. Accordingly, we hold that the evidence was
factually sufficient to support appellant’s conviction for the offense of sexual assault
of a child.
          We overrule appellant’s second point of error. 
 
 
 
Conclusion
          We affirm the judgment of the trial court. 
 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
 
Panel consists Chief Justice Radack and Justices Jennings and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).