Opinion issued January 23, 2003













In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00131-CR




EDDIE RICHARD FELDER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 838,435




MEMORANDUM OPINIONAppellant Eddie Richard Felder was convicted by a jury of possession with
intent to deliver cocaine amounting to four grams or more but less than 200 grams.


 
See Tex. Health & Safety Code Ann. §§ 481.102(3)(D), .112(d) (Vernon Supp.
2003). The jury found true two allegations in enhancement paragraphs that appellant
had previously been convicted of possession of cocaine and robbery, and it assessed
punishment at 50-years imprisonment under the repeat-and-habitual-felony-offenders
law.


 Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2003). Appellant brings six
points of error alleging he was not given a speedy trial, there was no probable cause
to arrest him, the evidence is legally and factually insufficient, the trial court
improperly reopened the evidence, and the trial court improperly enhanced his
sentence. We modify the trial court’s judgment and, as modified, affirm.
Discussion
          In point of error one, appellant contends he was not afforded a speedy trial
because his trial did not commence within 120 days of his arrival into state custody,
as required under the Interstate Agreement on Detainers Act.


 Tex. Code Crim.
Proc. Ann. art. 51.14, article IV(c) (Vernon 1979); see U.S. Const. amend. VI (right
to speedy trial). Although the State admits that appellant’s trial did not commence
within the prescribed 120 days of his arrival into state custody, the State points out
that appellant’s counsel agreed to six resets. After agreeing to the resets, appellant’s
counsel subsequently filed a motion to dismiss, arguing the resets were invalid
because they were not granted by the trial court for good cause shown in open court,
as required by the Act.
          This Court has held that agreed resets are necessary or reasonable continuances
for the purpose of satisfying article IV(c) of the Act. Petrick v. State, 832 S.W.2d
767, 772 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). There is no evidence in
the record that appellant requested a hearing in open court to establish good cause for
the agreed resets or insisted that the trial court personally approve the resets. We are
aware of no authority that would allow appellant to agree to a reset and to make a
subsequent inconsistent claim that his rights were violated as a result of his
agreement.



          The Court of Criminal Appeals has held that some rights are so fundamental
that they cannot be waived. See Marin v. State, 851 S.W.2d 275, 278 (Tex. Crim.
App. 1993), overruled on other grounds by Cain v. State, 947 S.W.2d 262, 264 (Tex.
Crim. App. 1997). Appellant does not argue that this point is fundamental error,
much less provide any argument or authority as to why the Marin holding should
apply. We are not aware of any authority that would support this point. We hold,
therefore, that appellant has waived error, if any, arising from the agreed resets by not
timely requesting hearings and the trial court’s personal approvals. See Tex. R. App.
P. 33.1(a)(1)(A).
          In point of error two, appellant claims the trial court erred in overruling his
motion to suppress evidence because the police approached and arrested him without
probable cause. In a suppression hearing, the trial court is the sole trier of fact and
judge of the credibility of the witnesses and the weight to be given their testimony. 
Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991); Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject all or
any part of a witness’ testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex. Crim.
App. 1980). In reviewing the trial court’s decision, an appellate court does not
engage in its own factual review; it determines only whether the record supports the
trial court’s fact findings. Romero, 800 S.W.2d at 543. If the trial court’s fact
findings are supported by the record, an appellate court is not at liberty to disturb the
findings absent an abuse of discretion. Cantu v. State, 817 S.W.2d 74, 77 (Tex. Crim.
App. 1991); Dancy v. State, 728 S.W.2d 772, 777 (Tex. Crim. App. 1987). On
appellate review, the court will address only the question of whether the trial court
properly applied the law to the facts. Romero, 800 S.W.2d at 543.
          The Houston Police Department received an anonymous call reporting that an
individual had passed out at the wheel of his pickup truck. Officer Roy C. Haine
testified that he responded to the call and found appellant unconscious in a pickup
truck. The truck was parked at an angle in the street and was straddling two lanes of
traffic. The truck’s engine was running with the transmission in “drive,” and
appellant’s foot was on the brake pedal. Officer Haine immediately shifted the
truck’s transmission to “park,” turned off the engine, and attempted to awaken
appellant.
          Officer Haine testified that appellant appeared intoxicated and smelled of
alcohol. After arresting appellant for public intoxication, Officer Haine conducted
a search incident to the arrest and discovered a metal box in appellant’s left front
pants pocket. Inside the box were seven pieces of crack cocaine.
          Appellant contends Officer Haine had no probable cause to approach the
pickup truck and arrest him, because probable cause must be based on something
more than uncorroborated information supplied by an unidentified individual. See
Illinois v. Gates, 462 U.S. 213, 239, 103 S. Ct. 2317, 2332-33 (1983). Appellant’s
argument is without merit. Officer Haine testified that he observed appellant’s truck
parked at an angle in the street and straddling two lanes of traffic, which are
violations of Texas traffic law. See Tex. Transp. Code Ann. §§ 545.060(a), .303(a)
(Vernon 1999 & Supp. 2003); see also Tex. Transp. Code Ann. § 542.301 (Vernon
1999) (offense for performing prohibited act). Thus, Officer Haine lawfully stopped
and detained appellant for traffic violations. See McVickers v. State, 874 S.W.2d 662,
664 (Tex. Crim. App. 1993).
          We overrule point of error two.
          In point of error three, appellant contends the evidence is legally insufficient
to support his conviction, because there is no evidence appellant was aware there was
cocaine in the metal box. The critical inquiry on review of the legal sufficiency of the
evidence to support a criminal conviction is whether the record evidence could
reasonably support a finding of guilt beyond a reasonable doubt. This inquiry does
not require this Court to ask whether we believe that the evidence at the trial
established guilt beyond a reasonable doubt. Instead, the relevant question is
whether, after viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. This familiar standard gives full play to the responsibility of the
trier of fact to fairly resolve conflicts in the testimony, to weigh the evidence, and to
draw reasonable inferences from basic facts to ultimate facts. Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Santellan v. State, 939 S.W.2d
155, 160 (Tex. Crim. App. 1997); Howley v. State, 943 S.W.2d 152, 155 (Tex.
App.—Houston [1st Dist.] 1997, no pet.).
          Appellant correctly asserts the State had the burden of proof to show that (1)
he had actual care, custody, control, or management over the contraband and (2) he
knew the contraband was cocaine. See Brown v. State, 911 S.W.2d 744, 747 (Tex.
Crim. App. 1995); see also Tex. Health & Safety Code Ann. § 481.002(38)
(Vernon Supp. 2003) (“‘Possession’ means actual care, custody, control, and
management.”). Appellant testified at trial that he saw an unidentified female police
officer reach into his truck and that he heard the officer say she found the box
containing cocaine. Appellant testified that he did not know whether the police
officer had the box before she reached into the truck, or whether she actually found
it somewhere in the truck. Appellant denied that the metal box was in his pocket.
          Viewing the evidence in the light most favorable to the verdict, Officer Haine
testified that he discovered the metal box containing cocaine in appellant’s pocket
after arresting appellant for public intoxication. Because the cocaine was in
appellant’s exclusive possession, there was legally-sufficient evidence for the jury to
conclude that appellant had actual care, custody, control, or management over the
contraband and he knew the contraband was cocaine. See Foster v. State, 635 S.W.2d
710, 718-19 (Tex. Crim. App. 1982).
          We overrule point of error three.
          In point of error four, appellant contends the evidence is factually insufficient
to support his conviction. In reviewing factual sufficiency, we examine all of the
evidence neutrally, and ask whether proof of guilt is so obviously weak or greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000); see Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996) (quoting Stone v. State, 823 S.W.2d 375,
381 (Tex. App.—Austin 1992, pet. ref’d, untimely filed)).
          In making his factual sufficiency challenge, appellant refers to his testimony
that he did not have the metal box in his pants and his testimony that an unidentified
female police officer “found” the metal box. The weight to be given contradictory
evidence is within the sole province of the jury, because it turns on an evaluation of
credibility and demeanor. Cain v. State, 958 S.W.2d 404, 408-09 (Tex. Crim. App.
1997). An appellate court must show deference to such a jury finding. Id. at 409. 
After impartially reviewing all the evidence and giving proper deference to the
verdict, we hold that the verdict is not so obviously weak or greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred.
          We overrule point of error four.
          In point of error five, appellant claims the trial court erred in allowing the State
to introduce testimony during the punishment phase after the State made its initial
closing argument. Appellant does not argue that the trial court abused its discretion;
instead, he argues the trial court had no discretion to allow the testimony to be
admitted.
          Although appellant admitted his previous convictions for possession of cocaine
and robbery during the guilt/innocence phase, he pleaded “not true” to the two
enhancement paragraphs regarding these previous convictions at the punishment
phase. The State, therefore, did not have to prove appellant had two previous final
felony convictions, but it did have to prove that the second previous felony conviction
for robbery occurred subsequent to the first previous conviction for possession of
cocaine having become final. See Tex. Penal Code Ann. § 12.42(d) (Vernon Supp.
2003).
          Before resting during the punishment phase, the State identified penitentiary
packets containing copies of judgments documenting appellant’s previous convictions
and establishing that appellant’s robbery conviction occurred after his possession-of-cocaine conviction became final. The penitentiary packets, however, were not
admitted into evidence. During the State’s closing argument, appellant objected to
the State arguing about documents that were not in evidence. The State then
requested that the trial court allow it to reopen testimony for the sole purpose of
admitting the penitentiary packets, which the trial allowed over appellant’s objection.
          Code of Criminal Procedure article 36.02 states, “The court shall allow
testimony to be introduced at any time before the argument of a cause is concluded,
if it appears that it is necessary to a due administration of justice.” Tex. Code Crim.
Proc. Ann. art. 36.02 (Vernon 1981). Appellant cites no authority for the
proposition that the trial court is precluded from allowing testimony to be introduced
during argument. In fact, there is long-standing authority to the contrary. The Court
of Criminal Appeals, interpreting the 1895 version of article 36.02, held that it is
within the trial court’s discretion whether to allow testimony to be reopened during
the State’s closing argument. Welch v. State, 147 S.W. 572, 576 (Tex. Crim. App.
1912); Code of Criminal Procedure, 24th Leg., R.S., § 2, art. 698, 1895 Tex. Crim.
Stat. 2, 98 (former Tex. Code Crim. Proc. art. 698, since repealed and recodified). 
Thus, appellant’s point has no merit.
          We overrule point of error five.
          In point of error six, appellant contends the trial court erred in allowing the jury
to enhance his punishment based on a previous felony conviction for possession of
cocaine, when he claims that offense is currently classified as a state-jail felony. See
Tex. Penal Code Ann. § 12.42(e) (Vernon Supp. 2003) (previous conviction for
state-jail felony may not be used for enhancement under Penal Code section
12.42(d)). The record contains a copy of the judgment from appellant’s previous
cocaine-possession conviction, but that judgment does not specify the amount of
cocaine.


 Because there is no way to know, from the record in this appeal, the current
classification of the offense for which appellant was previously convicted, we do not
reach the merits of appellant’s point.
          We overrule point of error six.
Conclusion
          We modify the trial court’s judgment to reflect that (1) appellant was convicted
of “Possession of controlled substance, namely, cocaine, weighing four grams or
more but less than 200 grams, with intent to deliver,” (2) appellant pleaded “not true”
to both enhancement paragraphs, and (3) the jury found both enhancement paragraphs
“true.” See Tex. R. App. P. 43.2(b), 43.6; Nolan v. State, 39 S.W.3d 697, 698 (Tex.
App.—Houston [1st Dist.] 2001, no pet.). As so modified, we affirm the judgment.
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Nuchia and Jennings.
Do not publish. Tex. R. App. P. 47.2(b).