Patrick Michael HOWLEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00740–CR.

Court of Appeals of Texas, Houston (1st Dist.).

March 27, 1997.

Barbara W. Palmer, College Station, for Appellant.

Charles J. Sebesta, Jr., Caldwell, for Appellee.

Before NUCHIA, COHEN and ANDELL, JJ.

## OPINION

NUCHIA, Justice.

A jury found appellant guilty of aggravated assault and assessed punishment at 20 years in prison and a $10,000 fine. The trial court sentenced appellant in accordance with the jury's assessment. We reverse.

## BACKGROUND

The victim in this case, Charles Goodwin, is a bail bondsman. Appellant contracted with Goodwin to bond appellant out of the Washington County jail. Kenneth Darnell, a Washington County deputy sheriff, saw appellant and Goodwin leave the jail together. They went to the home of appellant's girlfriend so that she could sign some documents relating to appellant's bond. Approximately 30 minutes after Darnell saw the two leave the jail together, Goodwin was found lying on the ground in front of the home of appellant's girlfriend. Goodwin could not positively identify appellant as his assailant, but the two were alone on the front porch of the house immediately prior to the attack on Goodwin.

After Goodwin's assault, his associate forfeited appellant's bond and a warrant issued

for appellant's arrest. Investigator James McCune of the Brenham Police Department assisted in the investigation of the assault on Goodwin. After searching for appellant for two days, McCune arrested appellant for jumping bond. With appellant in custody at the Washington County jail, McCune read him his *Miranda* rights and began questioning appellant regarding Goodwin's assault. As a result of McCune's questioning, appellant orally confessed to the aggravated assault of Goodwin; McCune did not record appellant's confession.

In addition to his confession to McCune, appellant told at least two other persons—his step-uncle and his cellmate at the Washington County jail—that he assaulted Goodwin.

During trial, but outside the presence of the jury, appellant urged a motion to suppress the oral confession. Appellant argued that, because his confession was the result of a custodial interrogation and was not recorded, the confession was inadmissible. The trial court found that appellant's confession was not made during custodial interrogation, overruled appellant's motion, and allowed McCune to testify regarding appellant's confession.

### DISCUSSION

In his first point of error, appellant contends the trial court erred in admitting McCune's testimony regarding appellant's confession because the oral statement was not recorded as required by TEX.CODE CRIM. PROC. ANN. art. 38.22 (Vernon 1979 & Supp. 1997). In his second point of error, appellant argues the trial court erred in admitting inadmissible hearsay statements over his objection. Finally, in his third point of error, appellant challenges the legal and factual sufficiency of the evidence to support his conviction.

An oral statement of an accused made during a custodial interrogation is generally not admissible against the accused unless an electronic recording is made of the statement. TEX.CODE CRIM. PROC. ANN. art.

38.22, § 3(a)(1) (Vernon 1979 & Supp.1997). "Custodial interrogation" is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). In this case, McCune questioned appellant regarding Goodwin's assault while appellant was in custody for jumping his bond. It matters not that the offense to which appellant confessed during McCune's questioning was not the same offense for which appellant was in jail. *Anderson v. State*, 479 S.W.2d 57, 60 (Tex.Crim.App.1972) ("The inadmissibility of a confession made while in jail does not depend upon whether the offense confessed and the offense for which the accused is in jail are one and the same."); *Neiderluck v. State*, 21 Tex.App. 320, 17 S.W. 467, 467 (1886) ("The question presented is this: Must the defendant be in custody—in jail—for the offense then being tried, in order to make his confession inadmissible as evidence? We think not."). Appellant was in custody and was being interrogated by McCune when he orally confessed to the aggravated assault of Goodwin. Under those circumstances—and in the absence of an applicable exception—the Code of Criminal Procedure requires that appellant's oral confession be electronically recorded in order to be admissible. TEX.CODE CRIM. PROC. ANN. art. 38.22, § 3(a). It was not. We hold, therefore, that the trial court erred in overruling appellant's motion to suppress and in admitting into evidence appellant's unrecorded oral confession.[1]

We next turn to the inquiry of whether the trial court's error was harmless. Unless it can be determined beyond a reasonable doubt that the error made no contribution to appellant's conviction, the judgment must be reversed. *Miles v. State*, 918 S.W.2d 511, 516 (Tex.Crim.App.1996); TEX. R.APP. P. 81(b)(2). In making this determination, we look at the entire record. *Miles*, 918 S.W.2d at 517. The State offered no evidence at trial that anyone actually saw

---

1. When a motion to suppress is urged outside the presence of the jury and overruled, the accused need not object to the admission of the same evidence at trial to preserve error. *Livingston v. State*, 739 S.W.2d 311, 334 (Tex.Crim.App.1987); TEX.R.APP. P. 52(b).

appellant assault Goodwin. In addition to McCune's testimony regarding appellant's confession, the State linked appellant to Goodwin's assault via the following evidence: Deputy Kenneth Darnell saw appellant and Goodwin leave the jail together; Goodwin testified that, although he did not see appellant attack him, he was alone with appellant immediately before his assault; and two witnesses—appellant's cellmate [2] at the Washington County jail and appellant's step-uncle—both testified that appellant admitted to them that he had assaulted Goodwin. In light of this record, we cannot conclude beyond a reasonable doubt that the admission of appellant's oral confession made no contribution to appellant's conviction. We hold, therefore, that the admission of appellant's oral, unrecorded confession was harmful error.

We sustain appellant's first point of error.

■ In his third point of error, appellant contends the evidence is insufficient to sustain his conviction. A challenge to the sufficiency of the evidence must be considered before disposing of a case even though a reversal of the case may be based on other grounds. *Hooker v. State*, 621 S.W.2d 597, 598 (Tex.Crim.App.1981). We will, therefore, address appellant's third point of error despite the fact we have already sustained his first point. In doing so, we consider all of the evidence which was before the jury—whether correctly or incorrectly admitted. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim.App.1993).

■ Appellant first contests the legal sufficiency of the evidence presented against him. The standard of review for legal sufficiency of the evidence is "whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, n. 12, 99 S.Ct. 2781, 2789 n. 12, 61 L.Ed.2d 560 (1979). That is, the evidence must be examined in the light most favorable to the verdict when deciding whether appellant could be

guilty beyond a reasonable doubt. *Martinets v. State*, 884 S.W.2d 185, 189 (Tex.App.—Austin 1994, no pet.).

■ When viewed in the light most favorable to the verdict, the evidence in this case can be summarized as follows: after Goodwin bonded appellant out of jail, the two left the jail together; Goodwin accompanied appellant to the home of appellant's girlfriend, where appellant was the only person with Goodwin when he was pushed down a flight of steps; and appellant confessed to his cellmate, his step-uncle and Deputy McCune that he had committed the assault on Goodwin.

We find that, under these facts, a rational fact-finder could have found appellant guilty of the assault on Goodwin beyond a reasonable doubt.

We overrule appellant's third point of error.

■ Appellant also challenges the factual sufficiency of the evidence against him. However, because our disposition of point of error one already requires that this case be remanded to the trial court, we need not address that contention. *Cf. Hooker*, 621 S.W.2d at 598–99.

Furthermore, because we have sustained appellant's first point of error, we need not address his second.

The judgment of the trial court is reversed, and this is case remanded.

---

2. Appellant's cellmate, James Justice, was on deferred adjudication when he was taken into custody at the Washington County jail. In exchange for his testimony in appellant's case, a pending motion to revoke Justice's probation and adjudicate his guilt was dismissed.