Opinion issued April 11, 2002











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-00-01089-CR

____________


IRIS CORMIER HARRIS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Criminal Court at Law No. 10

Harris County, Texas

Trial Court Cause No. 0991648






O P I N I O N

 The jury found appellant Iris Cormier Harris guilty of assault, and after
appellant pleaded true to a prior conviction for welfare fraud, the trial court assessed
punishment at 180 days in jail. See Tex. Penal Code Ann. § 22.01(a)(1) (Vernon
Supp. 2002). Appellant brings two points of error, challenging the legal and factual
sufficiency of the evidence. We affirm.

 In point of error one, appellant contends the evidence is legally insufficient to
support her conviction because the State failed to prove she unlawfully intentionally
and knowingly caused bodily injury to the victim. The critical inquiry on review of
the legal sufficiency of the evidence to support a criminal conviction is whether the
evidence in the record could reasonably support a finding of guilt beyond a
reasonable doubt. This inquiry does not require this Court to ask whether we believe
that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the
relevant question is whether, after viewing the evidence in the light most favorable
to the prosecution, any rational trier of fact could have found the essential elements
of the crime beyond a reasonable doubt. This familiar standard gives full play to the
responsibility of the trier of fact to fairly resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic facts to ultimate facts. 
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Santellan
v. State, 939 S.W.2d 155, 160 (Tex. Crim. App. 1997); Howley v. State, 943 S.W.2d
152, 155 (Tex. App.--Houston [1st Dist.] 1997, no pet.).

 Based on the evidence, a rational jury could have found against appellant. 
Viewed in the light most favorable to the verdict, appellant was fired by her boss,
Caroline Phillips. As appellant attempted to leave, Phillips followed and attempted
to get appellant to sign a statement that appellant owed approximately $200 to her
former employer. When Phillips tapped appellant on the shoulder, appellant
responded by striking Phillips several times in the jaw and lip. Applying the Jackson
legal-sufficiency test, we hold the jury could have found beyond a reasonable doubt
the essential elements of the crime.

 We overrule point of error one.

 In point of error two, appellant contends the evidence is factually insufficient
to support her conviction. In reviewing factual sufficiency, we examine all of the
evidence neutrally and ask whether proof of guilt is so obviously weak or greatly
outweighed by contrary proof as to indicate that a manifest injustice has occurred. 
King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000); see Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996) (quoting Stone v. State, 823 S.W.2d 375,
381 (Tex. App.--Austin 1992, pet. ref'd, untimely filed)).

 In making her factual sufficiency challenge, appellant relies on her testimony
that although she and Phillips struggled, she never struck Phillips and never intended
to cause bodily injury. Appellant also points out that Phillips never sought medical
attention for her injuries.

 The weight to be given contradictory evidence is within the sole province of
the jury, because it turns on an evaluation of credibility and demeanor. Cain v. State,
958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). An appellate court must show
deference to such a jury finding. Id. at 409. After impartially reviewing all the
evidence and giving proper deference to the verdict, we conclude that the evidence
is not so obviously weak or greatly outweighed by contrary proof as to indicate that
a manifest injustice has occurred.

 We overrule issue two.

 We affirm the trial court's judgment.



Sherry J. Radack

Justice


Panel consists of Chief Justice Schneider and Justices Radack and Duggan. (1)

Do not publish. Tex. R. App. P. 47.4
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.