In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00254-CR

____________


MARCUS ANTHONY BASS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 185th District Court 

Harris County, Texas

Trial Court Cause No. 838382






O P I N I O N

 A jury found appellant, Marcus Anthony Bass, guilty of aggravated robbery
and assessed punishment at 30 years in prison. In two points of error, appellant
challenges the legal and factual sufficiency of the evidence to support his conviction
for aggravated robbery on the grounds that the State failed to prove that appellant
used or exhibited a firearm. We affirm.

Facts

 Eddie James Wilson lived alone at 734 Ridge in Crosby, Harris County, Texas. 
 Wilson has known appellant his whole life; they grew up in the same neighborhood
and never had any personal problems. On February 17, 2000, Wilson had his money
out to pay bills when his friend Lionel White stopped by with appellant to see
Wilson's brother. Wilson put his money aside while he spoke with White and
appellant for five or 10 minutes until they left.

 Later that evening, Wilson telephoned appellant and asked him to pick up some
cigarettes and rolling papers. When appellant came back by Wilson's house, he was
with Craig Windfont, whom Wilson also knew from their neighborhood. Windfont
stayed in the car while appellant went into Wilson's house with a rifle in his hand. 
Wilson went to get money to reimburse appellant and, when he returned, appellant
pointed the rifle at Wilson's face and demanded Wilson's money and cocaine. 
Appellant then shot Wilson in the face and frisked Wilson for money. Wilson heard
appellant rummaging through his belongings. Wilson determined that appellant took
about 30 or 40 dollars and a stack of 50 or 60 CDs. 

 After the shooting, the two struggled for the gun until Wilson passed out. 
When Wilson came to, he phoned 911 for help. Deputy Arthur Frazier with the
Harris County Sheriff's Department responded to the call for an ambulance. 

 When Deputy Frazier arrived at the scene, Wilson was lying face-down on the
floor of the living room with blood on his head and on the carpet. Wilson's face was
swollen, and he could not speak well, but was able to say that appellant shot him. 
Deputy Frazier searched the residence and found several rocks of crack cocaine, a .22
caliber shell casing, and drops of blood, but found no additional ammunition, or the
firearm used to shoot Wilson. There was nothing in the house to indicate that Wilson
owned a firearm. Later at the hospital, Wilson again told Deputy Frazier that
appellant shot him.

 Wilson testified that the crack cocaine found at his house was his, but said he
had not used any drugs that day because he was waiting for appellant to return.

 A few days after the incident, appellant fled, with his girlfriend, from Harris
County to Atlanta, Georgia, where he was arrested on unrelated charges and
extradited to Houston. On direct examination, appellant said he was arrested in
Atlanta for a traffic violation, but admitted, on cross-examination, that his arrest was
related to the sale and possession of drugs.Legal Sufficiency In his first point of error, appellant contends the evidence is legally insufficient
to sustain appellant's conviction for aggravated robbery because the State failed to 
prove he used or exhibited a firearm during the theft or attempted theft of property
owned by Wilson. See Tex. Penal Code Ann. § 29.03(a)(1)-(2) (Vernon 1994). 
Appellant argues that there was no physical evidence that any property had been
taken and denies using or exhibiting a firearm against Wilson. Appellant claims that
Wilson was shot by accident during a struggle and that it was Wilson who produced
the weapon. We apply the usual standard of review. Jackson v. Virginia, 443 U.S.
307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Santellan v. State, 939 S.W.2d 155, 160
(Tex. Crim. App. 1997); Howley v. State, 943 S.W.2d 152, 155 (Tex. App.--Houston
[1st Dist.] 1997, no pet.).

 To prove its charge of aggravated robbery, the State had to produce evidence
that appellant either used or exhibited a deadly weapon during the theft or attempted
theft of property owned by Wilson. See Tex. Penal Code Ann. § 29.03(a)(1)-(2)
(Vernon 1994). Viewed in the light most favorable to the jury verdict, the facts show
that appellant shot Wilson in the face with a .22 caliber rifle and took Wilson's cash
and CDs. This evidence that appellant used or exhibited a deadly weapon during the
theft satisfied the elements of aggravated robbery. Although appellant gave
conflicting testimony, the evaluation of a witness's credibility and demeanor is left
to the factfinder. See Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
Appellant recognizes that credibility of a witness and conflicts between witnesses are
matters to be decided by the factfinder, but argues that Wilson's credibility is so
questionable that we should reverse and acquit. We disagree. 

 A rational trier of fact could have found the essential elements of aggravated
robbery beyond a reasonable doubt. We hold that the evidence is legally sufficient
to support the jury verdict. We overrule appellant's first point of error. 

Factual Sufficiency

 In his second point of error, appellant contends the evidence is factually
insufficient to sustain his conviction. The test for factual sufficiency is whether a
neutral review of all the evidence, both for and against the finding, demonstrates that
the proof of guilt is so obviously weak, or so outweighed by contrary proof, as to
undermine confidence in the jury's determination. King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000) We will reverse the factfinder's determination only if "a
manifest injustice has occurred." Id. at 563 (quoting from Johnson v. State, 23
S.W.3d 1, 12 (Tex. Crim. App. 2000)). 

 Appellant's version of the facts conflicts with Wilson's testimony. Appellant
contends that, when he returned to Wilson's home to deliver the cigarettes and rolling
papers, he saw the money on the table and assumed it was his money that Wilson
owed appellant for the purchase. Appellant testified that, as he sat at the table
counting his money, Wilson came from the bathroom with a rifle and pointed it at
him. Appellant attempted to wrestle the gun from Wilson and the gun accidentally
went off and hit Wilson. Appellant stated he never intended to rob Wilson and did
not take anything from the house. 

 Because the jury is the sole determiner of the facts, we must avoid substituting
our judgment for that of the jury and must, therefore, defer to jury determinations that
depend on credibility assessments and resolution of conflicts in the evidence. See
Johnson, 23 S.W.3d at 7-9. 

 The jury could rationally have found appellant's testimony less than credible,
not only because of the facts of the case, but also based on his extensive criminal
record, his flight from Texas, and his lies about why he was arrested in Atlanta. 
Appellant's version of the facts does not so weaken or overwhelm the State's
evidence as to render the judgment clearly wrong and manifestly unjust. 

 We overrule appellant's second point of error.








Conclusion

 We affirm the judgment of the trial court.






 Tim Taft

 Justice


Panel consists of Justices Mirabal, Taft, and Smith. (1)


Do not publish. Tex. R. App. P. 47.4. (2)



 














 
1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals,
First District of Texas at Houston, participating by assignment. 
2.