In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-01-01027-CR
____________

KENNETH WAYNE JAMES, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court 
Harris County, Texas
Trial Court Cause No. 841680 




O P I N I O N
          A jury convicted appellant of murder, and the trial court assessed punishment
at 40 years in prison. In two points of error, appellant asserts the evidence at trial was
both legally and factually insufficient to support the conviction. We affirm. 
Legal Insufficiency
          In his first point of error, appellant contends the evidence is legally insufficient
to support his conviction. The critical inquiry on review of the legal sufficiency of
the evidence to support a criminal conviction is whether the record evidence could
reasonably support a finding of guilt beyond a reasonable doubt. See Jackson v.
Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979); Santellan v. State,
939 S.W.2d 155, 160 (Tex. Crim. App. 1997); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.—Houston [1st Dist.] 1997, no pet.). This inquiry does not require this
Court to ask whether we believe that the evidence at the trial established guilt beyond
a reasonable doubt. See id. Instead, the relevant question is whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. See
id. This familiar standard gives full play to the responsibility of the trier of fact to
resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable
inferences from basic facts to ultimate facts. Id. 
          Viewed in the light most favorable to the verdict, the facts show that appellant
went to Elizabeth Alfred’s house at approximately 6:00 p.m. on January 22, 1999 to
visit with friends. Also present at Alfred’s house were Teddy (her brother), Alvin
(her cousin), “Gin,” “Red,” and “Pie.” Appellant sat with the group and consumed
alcohol from 6:00 p.m. until 10:00 p.m. Shortly after 10:00 p.m., the group decided
to walk to the Shepherd’s Inn, a bar located three or four blocks from Alfred’s house. 
Before leaving Alfred’s house, appellant went to his truck and grabbed a handgun he
carried for protection. Appellant placed the gun in the front center of his pants and
began walking with the group. 
          As the group approached the front entrance of the bar, a patron at the bar,
Gregory Thomas, walked out of the bar and “bumped” Teddy with his shoulder. 
After witnessing the “bump,” appellant became angry and threw a punch at Thomas,
and a fight ensued in the street outside the bar. The fight escalated into a brawl when
friends of both appellant and Thomas jumped into the fight.  
          Upon seeing the fight, Nettie Sparks, a Shepherd’s Inn employee, rushed out
into the street to try to stop the fight. When Sparks attempted to separate appellant
from Thomas during the melee, appellant took out his gun, hit Sparks in the head, and
broke her eyeglasses. After recovering from the blow, Sparks grabbed a liquor bottle
and struck appellant over the head, temporarily dazing appellant. 
          After Sparks hit appellant, appellant aimed the gun at Sparks, and somebody
yelled, “Shoot her.” Sparks then yelled for someone to phone the police, and
everyone involved in the fight fled, including appellant, who began running down the
street. However, after running a few feet, appellant stopped and turned to face the
crowd outside the bar. After pointing his gun up towards the sky and firing two
rounds, appellant pointed the gun in the direction of the bar and fired one additional
round. Thereafter, appellant ran down the street, through a field, and returned to
Alfred’s house. Appellant was the last one of his group to return to the house.
          One of the rounds appellant fired struck and killed Larry Rogers. Rogers was
making a telephone call from a payphone outside the bar when he was hit by the
bullet. Harris County Medical Examiner Dr. Joye Carter, who performed an autopsy
on Rogers, testified that Rogers was killed from a single gunshot wound to the head. 
Dr. Carter explained that the bullet entered Rogers’s head just above his right
eyebrow at an angle nearly perpendicular to the skull. When asked if the injury could
have come from a falling bullet that had been shot into the air, Dr. Carter responded
that it was possible, but very unlikely. According to Dr. Carter, the trajectory of the
bullet as it traveled through Rogers’ skull was more typical of a direct bullet entry
than a falling bullet.
          When appellant returned to Alfred’s house, he told Alfred that he had thrown
his gun into a bayou. Appellant also told Teddy not to tell anyone that he had fired
his gun. The next day, Houston Police officers began taking statements from
witnesses present at the shooting. Appellant, Teddy, and Alfred gave voluntary
statements. After gathering all of the statements, the officers concluded that appellant
was the shooter. On February 2, 1999, appellant was arrested. 
          Applying the Jackson legal-sufficiency test, we hold the jury could have found
the essential elements of the crime beyond a reasonable doubt. We overrule
appellant’s first point of error. 
Factual Sufficiency
          In his second point of error, appellant contends the evidence is factually
insufficient to support his conviction. When reviewing factual sufficiency, we ask
whether a neutral review of all the evidence, both for and against the finding,
demonstrates that the proof of guilt is so obviously weak, or so outweighed by
contrary proof, as to undermine confidence in the jury’s determination. King v. State,
29 S.W.3d 556, 563 (Tex. Crim. App. 2000). Accordingly, we will reverse the fact
finder’s determination only if “a manifest injustice has occurred.” King, 29 S.W.3d
at 563 (quoting from Johnson v. State, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000)). 
          In conducting this analysis, we may disagree with the jury’s determination,
even if probative evidence supports the verdict, but must avoid substituting our
judgment for that of the fact finder because the jury is the sole determiner of the facts. 
See King, 29 S.W.3d at 563; Tex. Code Crim. Proc. Ann. art. 36.13 (Vernon 1981). 
To avoid substituting our judgment for the factfinder’s, therefore, we must defer to
determinations by the factfinder that depend on credibility assessments and resolution
of conflicts in the evidence. See Johnson, 23 S.W.3d at 7-9. 
          Appellant contends the evidence at trial was factually insufficient to support
his conviction because of the following: (1) a bouncer working at the Shepherd’s Inn
testified that appellant was not the shooter; (2) in her statement to the police, Sparks
did not say appellant shot at her; (3) Isaiah Hamilton, Sparks’ son, testified he only
saw appellant shoot into the air; (4) witnesses for the State were impeached through
contradictory statements; (5) only Sparks testified that appellant shot in the direction
of the bar; (6) Rogers was nowhere near the angle of fire; and (7) Dr. Carter testified
that Rogers was possibly killed from a falling bullet. 
          However, the trial record also shows the following: (1) three witnesses at the
shooting did testify that appellant was the shooter; (2) Sparks testified at trial that
appellant did shoot in the direction of the bar; (3) Rogers was outside the bar and thus
in the line of fire; (4) Hamilton is deaf and, therefore, incapable of hearing gunshots;
and (5) Dr. Carter testified that it was very unlikely that Rogers’ bullet wound was
caused from a falling bullet. 
          Appellant relies on witness credibility and controverted testimony for his
factual-insufficiency claim. These assessments, however, are properly reserved to the
jury, and we must defer to the jury’s determinations on these issues. See Johnson, 23
S.W.3d at 7-9. The facts appellant relies on do not so weaken or overwhelm the
State’s evidence as to render the judgment clearly wrong and manifestly unjust. 
          We overrule appellant’s second point of error.
Conclusion
We affirm the judgment of the trial court.



     Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.




Do not publish. Tex. R. App. P. 47.4.