Opinion issued February 27, 2003









 





In The

Court of Appeals

For The

First District of Texas






NO. 01-02-00516-CR

____________


KEVIN KEITH BERNANDER, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Court at Law Number Two

Fort Bend County, Texas

Trial Court Cause No. 94,290






MEMORANDUM OPINION

 Appellant, Kevin Keith Bernander, pleaded not guilty to driving while
intoxicated. The court found him guilty and sentenced him to 120 days in jail. In one
point of error, appellant argues the evidence was insufficient to support the
conviction. We affirm.

Background


 Appellant's wife, Billye Jean Alexander, testified that at approximately 3 p.m.
on June 9, 2001, she and appellant bought a 12-pack of beer and drove to a party in
Bay City. (1) Appellant was driving Alexander's truck. They only stayed at the party
an hour because they got into a fight. They drove back to Fort Bend County, and, at
about 8 p.m., they stopped to get another 12-pack of beer. Alexander testified that
appellant had drunk half of the beer he bought. They continued to argue, and
Alexander asked appellant to pull over so she could go to the bathroom. She got out
of the car and "took off walking." 

 Alexander testified she walked for a while, and then saw a police car's flashing
lights. She walked toward the lights and discovered it was her truck that had been
pulled over. She was concerned they were going to tow her truck because she
thought they were going to take appellant to jail "for drinking."

 Trooper Ashcraft testified he has been with the Texas Highway Patrol for four
years. At approximately 11 p.m. on June 9, Ashcraft noticed an oncoming vehicle on
State Highway 36 going 84 miles per hour in a 55 m.p.h. zone. Ashcraft turned on
his siren and lights, but the truck did not stop. He followed the truck as it turned and
finally stopped on Williams School Road. Ashcraft asked appellant to get out of the
car, and he noticed appellant had to brace himself on the driver's side door to "regain
his balance" and he smelled of alcohol. Ashcraft noticed some empty beer cans in the
back of the truck. Appellant consented to a field sobriety test. (2) During the
horizontal-gaze-nystagmus test, appellant "stuck his tongue out . . . and wiggled it." 
Ashcraft conceded the HGN test was invalid because appellant's pupils were irregular
sizes, but appellant still failed the HGN test. Appellant failed four of the eight signs
during the walk-and-turn test. Appellant failed three of the four signs during the one-leg-stand test. Ashcraft testified that, based on the totality of the circumstances,
which included the results from the field sobriety tests, he believed he had probable
cause to arrest appellant. 

Sufficiency


 In his sole point of error, appellant argues the evidence is insufficient to
support the conviction because the evidence does not show that he drove a motor
vehicle on a public highway while he was intoxicated.

 Appellant does not state whether he believed the evidence was legally or
factually insufficient, or both, but in his prayer, he asks for an acquittal. Acquittal is
appropriate only on a finding of legally insufficient evidence. See Ex parte Davis,
957 S.W.2d 9, 12 (Tex. Crim. App. 1997). 

 We review legal sufficiency by viewing the evidence in the light most
favorable to the verdict to determine if any rational fact finder could have found the
essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155 (Tex.
App.--Houston [1st Dist.] 1997, no pet.). To establish the offense of driving while
intoxicated, the State must prove the defendant was intoxicated while operating a
motor vehicle in a public place. Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp.
2003).

 Trooper Ashcraft testified appellant failed the field sobriety tests and Ashcraft
saw appellant driving a truck on a public road. The evidence was legally sufficient
to support the conviction. See id. 

 We affirm the judgment.


 George C. Hanks, Jr.

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.


Do not publish. Tex. R. App. P. 47.2(b).
1. At the time of trial, appellant and Alexander were divorced.
2. Appellant told Ashcraft he was bipolar and was taking Paxil, Risperdal, and
Tegretol. Ashcraft testified he was unaware of how these prescription
medications interacted with alcohol.