Opinion issued June 24, 2004



     










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00559-CR




CRAIG STEVEN HIGH, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 919865




MEMORANDUM OPINION

          A jury found appellant, Craig Steven High, guilty of the felony offense of
driving while intoxicated (DWI) and found true one enhancement paragraph for a
prior conviction for possession of marihuana.


 The jury assessed appellant’s
punishment at a fine of $2,500 and 10 years’ confinement. In two points of error,
appellant contends that the evidence presented at trial was legally and factually
insufficient to support his conviction. We affirm.
BACKGROUND
          On the night of August 2, 2002, Pasadena Police Department Officer M.
Ferguson saw a vehicle speeding down Preston, a public street in Harris County. The
vehicle, driven by appellant, was traveling 49 miles per hour in a 35-mile-per-hour
zone. Officer Ferguson turned on his patrol car’s overhead lights and appellant
pulled the vehicle into a parking lot and stopped. After the vehicle stopped, Officer
Ferguson identified himself to appellant and asked appellant if he had any legal
justification for speeding. Appellant stated that he did not. 
          Officer Ferguson asked appellant for his driver’s license and insurance. 
Appellant fumbled with his wallet and papers in the vehicle’s glove compartment in
an attempt to comply with the officer’s request. While he was speaking with
appellant, Officer Ferguson noticed that there was a strong odor of alcoholic beverage
emitting from appellant’s breath, that appellant’s eyes were red and glassy, and that
appellant’s speech was slurred. 
          Officer Ferguson had appellant step out of the vehicle and escorted him to the
front of his patrol car. After questioning, appellant admitted to drinking alcohol. 
Officer Ferguson then administered four field-sobriety tests to appellant: (1) the
Horizontal Gaze Nystagmus (HGN)


 test, (2) the walk-and-turn test, (3) the one-leg-stand test, and (4) the Rhomberg test. Officer Ferguson videotaped appellant
performing the tests.



          During the HGN test, appellant exhibited the maximum number of “clues” of
intoxication, indicating a high probability of intoxication. Next, while performing the
walk-and-turn test, appellant lost his balance. Appellant exhibited the maximum
number of clues on the walk-and-turn test, indicating a high probability of
intoxication and impairment. Thereafter, during the one-leg-stand test, appellant
swayed, put his foot down too soon, and was forced to use his arms for balance. 
Appellant did not, however, hop. In Officer Ferguson’s opinion, appellant performed
poorly on this test. Appellant’s performance on the one-leg-stand test also indicated
a high probability of intoxication and impairment. Finally, during the Rhomberg test,
appellant swayed and incorrectly estimated the passage of time, further indicating
impairment. 
          Based on his observations of appellant’s performance of the field-sobriety tests,
Officer Ferguson believed that appellant had lost his mental faculties and physical
faculties by reason of the introduction of alcohol into his body. Thereafter, Officer
Ferguson placed appellant under arrest and took him to the police station. Appellant
was offered the opportunity to give a sample of his breath at the police station, but he
refused to do so. 
          During the State’s case-in-chief, the State published the videotaped recording
of appellant’s performance of the field-sobriety tests. Officer Ferguson testified that,
in his opinion, based on his training and experience and his observations of
appellant’s performance of the field-sobriety tests, appellant had lost his mental and
physical faculties by reason of the introduction of alcohol into his body. After the
State rested, defense counsel replayed the portion of the video where appellant pulled
into the parking lot, stopping the video after Officer Ferguson received appellant’s
driver’s license and returned to his patrol car.
          During cross-examination, Officer Ferguson explained that, when he pulled
appellant over, he had no suspicion that appellant was driving while under the
influence of alcohol. He acknowledged that he did not observe appellant driving
erratically. Officer Ferguson testified that, other than driving above the speed limit,
he did not witness appellant violate any other traffic laws. Officer Ferguson agreed
that the mere fact that one is speeding does not, alone, indicate intoxication. 
          Officer Ferguson acknowledged that it takes “some type of mental and physical
dexterity to operate a car and use its equipment.” He testified that, although appellant
did not yield to the right-of-way as he should have, appellant did pull into a parking
lot, allowing for a safe traffic stop. Officer Ferguson reported that appellant did not
have difficulty turning into the parking lot or in stopping his vehicle. 
          Officer Ferguson further reported that appellant knew who and where he was,
and that appellant was cooperative. Officer Ferguson acknowledged that appellant
told him that appellant had been working that night and was fatigued. He admitted
that it was possible that appellant’s eyes were red because he had worked many hours
that night. He further acknowledged that it was possible appellant was distracted by
the traffic driving by. 
          Additionally, Officer Ferguson indicated that he did not recall noticing whether
appellant had any open containers in his car. Officer Ferguson acknowledged that
motorists were sometimes nervous and anxious when pulled over for a traffic stop,
but reported that, in his experience, motorists rarely demonstrated difficulty locating
their driver’s licenses and insurance papers when they had not been drinking. 
DISCUSSION
Standards of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). We note that, as the exclusive
judges of the facts, the credibility of the witnesses, and the weight to be given their
testimony, the jury may believe or disbelieve all or any part of a witness’s testimony. 
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) (opining that “a
jury is entitled to accept one version of the facts and reject another or reject any of a
witness’s testimony”). 
          We review the factual sufficiency of the evidence by reviewing all of the
evidence as a whole neutrally, not in the light most favorable to the prosecution. 
Johnson, 23 S.W.3d at 7. In a factual-sufficiency review, we may not substitute our
own judgment for that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex.
Crim. App. 1996). The Court of Criminal Appeals has recently stated
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, No. 539-02, 2004 WL 840786, at *7(Tex. Crim. App. Apr. 21, 2004).
We must consider the most important evidence that the appellant claims undermines
the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
The Offense of DWI
          To prove that appellant committed the offense of DWI, the State had to show
that appellant was intoxicated while operating a motor vehicle in a public place. Tex.
Pen. Code Ann. § 49.04 (Vernon Supp. 2004). “Intoxicated” means:
(A) not having the normal use of mental or physical faculties by reason
of the introduction of alcohol, a controlled substance, a drug, a
dangerous drug, a combination of two or more of those substances, or
any other substance in the body; or (B) having an alcohol concentration
of 0.08 or more.

Tex. Pen. Code Ann. § 49.01 (Vernon Supp. 2004). The testimony of a police
officer that an individual is intoxicated is probative evidence of intoxication. 
Henderson v. State, 29 S.W.3d 616, 622 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d) (citation omitted). 
Legal Sufficiency of the Evidence
          In his first point of error, appellant contends that the evidence was legally
insufficient to prove that appellant did not have the normal use of his mental or
physical faculties at the time of the instant offense. 
          The evidence presented at trial revealed that appellant violated the traffic laws
by speeding at the rate of 49 miles per hour in a 35-mile-per-hour zone. Appellant 
displayed slurred speech and red, glassy eyes. His breath strongly smelled of alcohol. 
Appellant’s performance on each of four field-sobriety tests–the HGN, walk-and-turn,
one-leg-stand, and the Rhomberg test–indicated that appellant was impaired. 
Appellant admitted to Officer Ferguson that he had been drinking alcohol. In Officer
Ferguson’s opinion, based on his training and experience and his observations of
appellant’s performance of the field-sobriety tests, appellant had lost his mental
faculties and physical faculties by reason of the introduction of alcohol into his body. 
Finally, appellant refused to give a breath sample at the police station. See Tex.
Transp. Code Ann. § 724.061 (Vernon Supp. 2004) (A person’s refusal to submit
to the taking of a specimen of breath or blood may be introduced as evidence of guilt
at the person’s trial.).
          Viewing the evidence in the light most favorable to the verdict, we hold that
a rational trier of fact could have found that appellant had lost the normal use of his
mental or physical faculties by reason of the introduction of alcohol into his body. 
Accordingly, we hold that the evidence was legally sufficient to support appellant’s
conviction for DWI. 
          We overrule appellant’s first point of error.
Factual Sufficiency of the Evidence
          In his second point of error, appellant asserts that the evidence was factually
insufficient to prove that appellant did not have the normal use of his mental or
physical faculties at the time of the instant offense. In support of his assertion,
appellant relies on the following: (1) there was no evidence that appellant consumed
more than two alcoholic drinks; (2) Officer Ferguson saw no open containers in
appellant’s vehicle; and (3) the videotape and testimony showed that appellant was
cooperative with Officer Ferguson, was able to follow directions, did not stumble or
fall down, and did not appear disoriented.


 
          As the exclusive judges of the facts, the credibility of the witnesses, and the
weight to be given to their testimony, the jury was free to believe or disbelieve all or
any part of Officer Ferguson’s testimony. See Penagraph, 623 S.W.2d at 343;
Escovedo v. State, 902 S.W.2d 109, 115 (Tex. App.—Houston [1st Dist.] 1995, pet.
denied). Thus, the jury was entitled to believe that appellant (1) had been speeding;
(2) had been drinking alcohol; (3) exhibited physical characteristics indicative of
drinking alcohol; and (4) failed several field-sobriety tests. See Henderson, 29
S.W.3d at 622. Furthermore, it was within the province of the jury to reconcile any
conflicts and contradictions in the evidence. See Chiles v. State, 988 S.W.2d 411,
415 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d). After weighing the evidence,
the jury determined that the evidence supported the finding of guilt beyond a
reasonable doubt. We will not substitute our judgment for that of the jury. Zuniga,
2004 WL 840786, at *4. 
          Examining all of the evidence neutrally, we hold that the proof of guilt was not
so obviously weak as to undermine confidence in the jury’s determination; nor was
the contrary evidence so strong that the beyond-a-reasonable-doubt standard could
not have been met. Accordingly, we overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment of the trial court. 
 
 

                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Keyes and Bland.
Do not publish. Tex. R. App. P. 47.2.(b).