Opinion issued March 3, 2005

























In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00526-CR




ROBERT EARL HUNT, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 15
Harris County, Texas
Trial Court Cause No. 1217728




MEMORANDUM OPINION

          Appellant, Robert Earl Hunt, was charged by information with assault,
enhanced by a prior conviction for felony theft. Tex. Pen. Code Ann. § 22.01(a)(1)
(Vernon Supp. 2004-2005). He pleaded not guilty to the primary offense, but pleaded
“true” to the enhancement. A jury found appellant guilty of assault, found the
enhancement paragraph true, and assessed punishment at confinement for 120 days. 
In two issues, appellant contends that the evidence was legally and factually
insufficient to support his conviction.
          We affirm.
Facts
          On the night of February 3, 2004, Officers Ortiz and Gonzalez of the Houston
Police Department were called to a disturbance at a home in southeast Houston. 
When the officers arrived, appellant was in his car. Appellant approached the officers
and reported that he had been in an argument with his girlfriend, the complainant
Charity Williams, and that the complainant had hit him. Appellant denied having hit
the complainant. Officer Gonzalez detained appellant while Officer Ortiz went into
the house. 
          Officer Ortiz noted that the house was in disarray. The complainant was very
upset, and had a swollen eye and dried blood around her nose. She reported that
appellant, apparently high on drugs, had come home and accused her of cheating. 
The argument escalated and appellant struck the complainant in the face with his fist. 
The complainant yelled to others in the house that appellant struck her and then
attempted to escape by throwing objects at appellant. The confrontation moved from
the bedroom into the living room, where appellant pushed the complainant onto the
couch and continued hitting her. The complainant’s 12-year-old granddaughter,
Keena Williams, reported that she heard the complainant yell that she had been hit
and witnessed the confrontation in the living room. Keena told appellant to stop and
called police when he refused.
          At trial, the complainant and Keena recanted portions of their original
statements to police and maintained that complainant’s injuries were the result of
accidentally falling into a bedpost.
Sufficiency of the Evidence
   A.    Standards of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). We must defer appropriately to the fact-finder to avoid substituting our judgment for its judgment. See Zuniga, 144 S.W.3d
at 481-82. Our evaluation may not intrude upon the fact-finder’s role as the sole
judge of the weight and credibility accorded any witness’s testimony. See Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). The fact-finder alone determines
what weight to place on contradictory testimonial evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. Id. at 408-09. As the determiner of
the credibility of the witnesses, the fact-finder may choose to believe all, some, or
none of the testimony presented. Id. at 407. 
          In conducting a factual-sufficiency review, we must discuss the evidence that,
according to appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          The standards of review for legal and factual sufficiency challenges are the
same for direct and circumstantial evidence cases. Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986). 
B.      Assault
          A person commits the offense of assault if, inter alia, that person intentionally,
knowingly, or recklessly causes bodily injury to another, including the person’s
spouse. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon Supp. 2004-2005).
          A person acts intentionally, with respect to the nature or result of his conduct,
when it is his conscious objective or desire to engage in the conduct or cause the
result. Tex. Pen. Code Ann. § 6.03(a) (Vernon 2003). A person acts knowingly
with respect to the result of his conduct when he is aware that his conduct is
reasonably certain to cause the result. Id. § 6.03(b). Intent can be inferred from the
acts, words, and conduct of the accused. Patrick v. State, 906 S.W.2d 481, 487 (Tex.
Crim. App. 1995). Similarly, knowledge can be inferred from the conduct of and
remarks by the accused, and from circumstances surrounding the acts engaged in by
the accused. See Dillon v. State, 574 S.W.2d 92, 94-95 (Tex. Crim. App. 1978).
C.      Analysis 
          In his first issue, appellant contends the evidence is legally insufficient to
support his conviction because it failed to establish that he intentionally or knowingly
caused bodily injury to the complainant.
          The evidence shows that Officer Ortiz arrived at the complainant’s home to
find her very upset, with a swollen eye and dried blood around her nose. The
complainant reported to him that appellant struck her in the face with his fist. Her
granddaughter, Keena, also reported that the complainant emerged from the bedroom
yelling that appellant had hit her in the eye. Officer Ortiz took photographs of the
complainant’s injuries, and these photographs were admitted at trial. This evidence
supports the jury’s finding that appellant struck the complainant. 
          In addition, the complainant told Officer Ortiz that the confrontation moved
from the bedroom to the living room and that she threw objects at appellant in self-defense. Keena also reported that she heard appellant and the complainant arguing
in the bedroom and that the confrontation moved to the living room. The evidence
shows that Officer Ortiz saw a television knocked over in the bedroom, furniture out
of place, a lamp knocked over in the living room, and broken glass on the floor. In
addition, the evidence shows that, when police arrived, appellant reported that a
confrontation had occurred. Officer Ortiz testified that neither the complainant nor
Keena ever suggested the injuries were the result of an accident. This evidence
supports a conclusion that the injuries were intentionally inflicted during the course
of an argument and not merely the result of an accident.
          Moreover, as soon as Officer Ortiz came into the house, the complainant
requested medical attention and an ambulance was summoned. Yet, the evidence
shows that appellant was found leaving the scene in his car. “Failure to render aid
known to be needed supports an inference that the injuries were intentionally, not
accidentally, inflicted.” Tezino v. State, 765 S.W.2d 482, 485 (Tex. App.—Houston
[1st Dist.] 1988, pet. ref’d). 
          The jury “is the sole judge of the credibility of witnesses and of the strength of
the evidence.” Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).
Viewing the evidence in the light most favorable to the verdict, we hold that a rational
trier of fact could have found beyond a reasonable doubt that appellant intentionally
inflicted the complainant’s injuries.
          We overrule appellant’s first issue.
D.      Factual Sufficiency of the Evidence
          In his second issue, appellant contends that the evidence was factually
insufficient to support his conviction because it was too weak to support the jury’s
finding that he intentionally or knowingly caused the complainant bodily injury. 
          As discussed above, the State presented evidence that appellant and the
complainant were arguing on the date of the incident, and appellant intentionally
struck the complainant in the face with his fist.
          Conversely, the evidence shows that appellant admitted that there had been an
argument but denied having hit the complainant. Appellant contends that his conduct
when police arrived is consistent with his claim that he did not intentionally injure the
complainant. The evidence shows that appellant approached police as soon as they
arrived and explained the situation. Indeed, Officer Ortiz testified that guilty parties
usually leave the scene. However, Officer Ortiz also testified that remaining at the
scene is not necessarily indicative of innocence; rather, there are many reasons why
a guilty person might remain. Further, the evidence shows that appellant was in his
car when police arrived and that appellant told police the complainant hit him “as he
was leaving.” Hence, it is reasonable to infer that appellant was leaving the scene.
          Appellant also points out that, during trial, the complainant and Keena recanted
portions of their report to Officer Ortiz. Indeed, the complainant testified that
appellant had no history of drug abuse, had never struck her or pushed her in the past,
and that they were not arguing on the date of the incident. Rather, the complainant
testified, they were looking for her cigarettes in the bedroom and, when appellant
bent down, she accidentally fell over him and into the bedpost. The complainant
testified that she never told Officer Ortiz that appellant hit her. She testified that, if
she did say that, it was only because she was angry at appellant for coming in late. 
The complainant testified that she also threw the objects around in the house because
she was angry.
          At trial, Keena testified that she never saw appellant hit or push her the
complainant; rather, she testified that it was the complainant who hit appellant. 
Keena testified that the complainant told her that her injuries were caused by
accidentally falling into the bedpost.
          The evidence shows that there were inconsistencies between the report given
to Officer Ortiz on the night of the incident and the testimony given by the
complainant and Keena at trial. However, the complainant also testified that “some
of the things [she has] been trying to block out of her mind.” Keena testified on
cross-examination that the complainant never told her appellant hit her in the eye. 
However, on direct and re-direct, Keena consistently testified that the complainant
said appellant struck her in the eye. In addition, Keena testified that it was days after
the incident that she first heard the complainant say that her injuries were caused by
falling on a bedpost. The jury observed the demeanor of the complainant and Keena
and was entitled to disbelieve their recantations and reconcile the conflicts. See
Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). As the determiner
of the credibility of the witnesses, the fact-finder may choose to believe all, some, or
none of the testimony presented. Cain, 958 S.W.2d at 407. The record supports a
finding that the recantations were not more credible than the original statements to
police. 
          We hold that the jury’s verdict in this case is not irrational, or clearly wrong
and manifestly unjust, or that the contrary evidence is so strong that the standard of
proof beyond a reasonable doubt could not have been met. See Escamilla, 143
S.W.3d at 817.
          We overrule appellant’s second issue.           
Conclusion
We affirm the judgment of the trial court. 
 
 

                                                   Laura Carter Higley
                                                   Justice
 
 
Panel consists of Chief Justice Radack and Justices Higley and Bland.
Do not publish. Tex. R. App. P. 47.2(b).