Opinion issued June 16, 2005






 












In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00182-CR




CHARLES EDWARD WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 962,080




MEMORANDUM OPINION
          Charles Edward Williams, appellant, pleaded not guilty to aggravated sexual
assault. After appellant waived his right to a trial by jury, the judge found him guilty
and affirmatively answered the special issue submitted on the issue of use of a deadly
weapon. The case was enhanced by a prior felony conviction for burglary of a
habitation. The judge assessed punishment at 75 years’ confinement. In two points
of error, appellant contends that the evidence is legally and factually insufficient to
support his conviction. We affirm.
                                                    BACKGROUND
          On the afternoon of March 11, 2003, the complainant was walking when she
was pulled by the sleeve of her jacket from behind and felt an object poking her in the
middle of her back. The man pulling her told her not to look at him, to close her eyes,
and to get in the car. The man forced her into a car and onto the floor behind the
driver’s seat, while appellant started to drive the car. 
          Eventually, the man that forced the complainant into the car asked appellant
to let him out. As he exited the car, the man pulled the complainant off the floor,
while pointing a gun at her, and put her in the front seat with appellant. When she
was placed in the front seat, the complainant saw appellant’s face and saw that he was
pointing a silver and black gun at her. As he started the car again, appellant forced
the complainant to lay her head in his lap. Appellant stopped the car and demanded
that the complainant unbutton her pants and pull them down or he would kill her. 
Although the complainant began to do so after initially hesitating, appellant reached
over and forced her pants down. He then opened the glove compartment, pulled out
a few razors and shaving cream, and placed his silver and black gun in the glove
compartment. He then retrieved a brown and black pistol from under the seat and
loaded it. The complainant testified that appellant pointed the pistol at her and
threatened her with it throughout the assault. Appellant took the complainant’s cell
phone, her mechanical phone book, address book, windbreaker, ring, identification
card, social security card, and her Lone Star card. Appellant demanded that the
complainant shave her pubic hair, but then took the razor from her and began to shave
her himself.
          Before began driving again, appellant unzipped his pants and pushed the
complainant’s head down. He demanded that the complainant perform oral sex on
him. He then grabbed the complainant by the back of the head and forced her mouth
down on him. Appellant ejaculated into the complainant’s mouth and wiped himself
and forced her to wipe her mouth with her jacket. When the complainant looked at
his face, appellant hit her on the side of the head with his gun. Appellant then told
her to get out of the car, unbuckled her seat belt, and opened the door for her. The
complainant crawled out of the car and, as she passed in front of the car, she noticed
it had no front license plate. The complainant ran to a nearby house and notified the
police. The complainant described her assailant to Officer Crawford of the Houston
Police Department as a black male with long sideburns and some gold teeth in his
mouth. She also told Crawford that her assailant had a red tooth in his upper row of
teeth and a blue tooth on his bottom row. Two days later, the complainant gave a
written statement to Sergeant Morgan about what had happened to her. 
          On April 1, 2003, Houston Police Officer Kutach attempted to pull over
appellant in a green 1993 Ford Tempo for not having a front license plate displayed. 
Appellant stopped the car twice, backed up, and then sped up until another officer
backed appellant’s car into a driveway. As appellant got out of the car, Kutach saw
a gun come out from under appellant’s leg and hit the car’s floorboard. Kutach got
appellant on the ground, but when he attempted to holster his weapon, appellant tried
to run. Kutach recovered a silver and black semiautomatic pistol, which he testified
was a deadly weapon. Kutach also noticed that appellant had a “grille” on his front
teeth that had blue coloring on it. When Kutach saw appellant’s grille, it triggered
something in his mind that resulted in making a phone call to the police department’s
homicide division.
          After Sergeant Morgan talked to Kutach and his partner about the man they had
arrested, Morgan tried to put together a live line-up, but appellant refused to
participate. Instead, Morgan took a photograph of appellant and put together a photo
spread. Approximately a month after the incident, the complainant picked appellant
out of this photo spread. After she identified appellant, the complainant asked
Morgan if he had a picture of appellant’s teeth, but he did not. The complainant later
explained that she asked for the picture because “Morgan had a hard time
understanding how the teeth looked.”
          On April 7, 2003, Officer Martinez was asked to examine the green 1993 Ford
Tempo that appellant was driving when he was arrested. Martinez collected multiple
hair samples from the car, but was unable to lift any useable fingerprints. None of the
DNA profiles from the hair samples matched the DNA swab from the complainant. 
          At trial, the complainant positively identified appellant as the man who
sexually assaulted her. She said that her assailant had a bar that covered three or four
of this teeth that was gold with blue and red in it. Appellant was asked to show his
teeth to the complainant while she testified. The complainant testified that
appellant’s teeth were the same as she remembered, except that at the time of the
assault, his teeth had a red bar and a blue bar on them.
          The complainant also testified that the car in which she was sexually assaulted
was a dark color with a light brown interior that looked like the color of peanut butter. 
She testified that the interior of the car in which appellant was arrested looked like
the interior of the car she was sexually assaulted in, except that the car in which
appellant was arrested had a radio.
DISCUSSION
Legal Sufficiency
          In his first point of error, appellant asserts that the evidence is legally
insufficient to prove his identity as the assailant that committed aggravated sexual
assault. Appellant contends the evidence is legally insufficient to prove that he
committed the offense of aggravated sexual assault because (1) the complainant’s
description of her assailant did not match appellant; (2) the complainant’s description
of the vehicle in which she was assaulted did not match the vehicle in which appellant
was arrested; and (3) that vehicle contained no evidence that the complainant had
ever been in it. 
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). As the exclusive judge of the
facts, the credibility of the witnesses, and the weight to be given their testimony, the
trier of fact may believe or disbelieve all or any part of a witness’s testimony. 
McKinny v. State, 76 S.W.3d 463, 468-69 (Tex. App.—Houston [1st Dist.] 2002, no
pet.).
          A person commits the offense of aggravated sexual assault if that person (1)
while acting intentionally or knowingly; (2) causes the sexual organ of another person
to contact or penetrate the mouth, anus, or sexual organ of another person, including
the actor; (3) without that person’s consent; and (4) uses or exhibits a deadly weapon
in the course of the same criminal episode. Tex. Pen. Code Ann. §
22.021(a)(1)(A)(iii) and (a)(2)(A)(iv) (Vernon 2003). 
          When no jury is present, the trial court is the exclusive judge of the credibility
of the witnesses and the weight to be given their testimony. Bridge v. State, 726
S.W.2d 558, 563 (Tex. Crim. App. 1986). Likewise, reconciliation of conflicts in the
evidence is within the exclusive province of the trier of fact. Mosley v. State, 983
S.W.2d 249, 254 (Tex. Crim. App. 1998). The trier of fact may believe or disbelieve
all or any part of a witness’s testimony. See Bonham v. State, 680 S.W.2d 815, 819
(Tex. Crim. App. 1984); Sims v. State, 84 S.W.3d 768, 773 (Tex. App.—Dallas 2002,
pet. ref’d). 
          A conviction for aggravated sexual assault is supportable on the
uncorroborated testimony of the victim of the sexual offense if the victim informed
any person, other than the defendant, of the alleged offense within one year after the
date on which the offense is alleged to have occurred. Tex. Code Crim. Proc. Ann.
art. 38.07(a) (Vernon 2005). Evidence as to the identity of the perpetrator of an
offense may be proved by direct or circumstantial evidence. Earls v. State, 707
S.W.2d 82, 85 (Tex. Crim. App. 1986). 
          The evidence shows that the complainant identified appellant as the man who
sexually assaulted her. The complainant testified that she was forced by a man into
a car, at which point the man kept a gun pointed at her back and the back of her head. 
When this man got out of the car, he dragged the complainant into the front seat next
to appellant, who was driving the car. Appellant forced the complainant’s mouth
down onto appellant’s penis and forced the complainant to perform oral sex on him. 
On the day of the offense, the complainant told the police that she had been sexually
assaulted. The complainant later identified appellant as the man who assaulted her
from a photo spread. At trial, the complainant again identified appellant. The
complainant testified that, even though she had asked to see a picture of appellant’s
teeth after she identified him from the photo spread, she was “quite sure [about her
identification of appellant] with or without the teeth.” She explained that she only
asked to see appellant’s teeth because she had a hard time describing appellant’s teeth
to Sergeant Morgan. 
          Appellant argues that the evidence is insufficient because the complainant
qualified her identification of appellant by stating that her alleged attacker had a red
grille on his bottom teeth, was thinner, and was not as clean shaven as appellant
appeared in court. Appellant also argues that the complainant’s description of the car
in which she was sexually assaulted differed from the description of the 1993 Ford
Tempo that appellant was driving at the time of his arrest. However, the
determination of what weight to give testimonial evidence is within the sole province
of the trier of fact, as it turns on an evaluation of credibility and demeanor. Cain v.
State, 958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997). Thus, the trier of fact was
free to believe all or any part of the testimony of the State’s witnesses, and disbelieve
all or any part of the witness testimony. A court of appeals must show deference to
such a finding. Id. at 409. Under the circumstances, we properly leave to the trier of
fact the weight to give complainant’s testimony. See Sandoval v. State, 52 S.W.3d
851, 855 (Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). 
          Viewing the evidence in the light most favorable to the verdict, a rational trier
of fact could have found beyond a reasonable doubt that appellant committed the
offense of aggravated sexual assault. We hold that the evidence was legally sufficient
to support appellant’s conviction. Accordingly, we overrule appellant’s first point of
error. 
Factual Sufficiency
          In his second point of error, appellant asserts that the evidence was factually
insufficient to support his conviction for aggravated sexual assault


 because the
complainant’s testimony was not reliable. 
          We review the factual sufficiency of the evidence by reviewing all of the
evidence neutrally, not in the light most favorable to the prosecution. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). In a factual-sufficiency review, we
may not substitute our own judgment for that of the trier of fact. Jones v. State, 944
S.W.2d 642, 648 (Tex. Crim. App. 1996). The Court of Criminal Appeals discussed
the factual-sufficiency standard as follows: 
There is only one question to be answered in a factual-sufficiency
review: Considering all of the evidence in a neutral light, was a jury
rationally justified in finding guilt beyond a reasonable doubt? 
However, there are two ways in which the evidence may be insufficient. 
First, when considered by itself, evidence supporting the verdict may be
too weak to support the finding of guilt beyond a reasonable doubt. 
Second, there may be both evidence supporting the verdict and evidence
contrary to the verdict. Weighing all evidence under this balancing
scale, the contrary evidence may be strong enough that the beyond-a-reasonable-doubt standard could not have been met, so [that] the guilty
verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient
to prove the elements of the crime beyond a reasonable doubt. Stated
another way, evidence supporting guilt can “outweigh” the contrary
proof and still be factually insufficient under a beyond-a-reasonable-doubt standard. 

Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). We must consider
the most important evidence that appellant claims undermines the trier of fact’s
verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). 
          Appellant contends the evidence is factually insufficient to prove that he
committed the offense because (1) the complainant testified that the grille in her
assailant’s mouth was different in content and color than that in appellant’s mouth at
trial; (2) the complainant testified that appellant’s musculature and body were not the
same as those of her assailant; (3) the complainant testified that she did not remember
seeing appellant’s tattoos on her assailant’s arms; (4) the complainant testified that
the vehicle used during the offense did not have a radio, but the vehicle in which
appellant was arrested did; (5) the complainant qualified her identification of
appellant from the photo spread by requesting to see his teeth; (6) the complainant
testified that she did not identify the gun of the person who pushed her into the
vehicle, but at trial she identified the gun as being black; and (7) Michelle Randall,
appellant’s girlfriend, testified that appellant’s grille is permanent and he did not have
a red grille on his bottom teeth at the time of his arrest. However, a decision is not
clearly wrong and unjust merely because the trier of fact resolved conflicting
evidence in favor of the State. Cain v. State, 958 S.W.2d at 410.
          Although her description of her assailant differed slightly from appellant’s
appearance at trial, the complainant positively identified appellant as the man who
sexually assaulted her from a photo spread shortly after the incident. The
complainant again identified appellant as her assailant at trial. The complainant
testified that appellant held a gun to her head and threatened to kill her while sexually
assaulting her.
          After examining all of the evidence neutrally, we hold that the proof of guilt
was not so obviously weak as to undermine confidence in the trier of fact’s
determination, nor was the contrary evidence so strong that the
beyond-a-reasonable-doubt standard could not have been met. The evidence was
factually sufficient to show that appellant committed the offense of aggravated sexual
assault. Accordingly, we overrule appellant’s second point of error.
CONCLUSION
          We affirm the judgment of the trial court.
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.
Do not publish. Tex. R. App. P. 47.2(b).